DEWEY & STONE, PLAINTIFFS IN ERROR, V. C. N. PAYNE
& Co., DEFENDANTS IN ERROR.

Landlord and Tenant. A leased certain real estate to B for the
    term of two years, B agreeing to pay therefor the sum of nine
    hundred and sixty dollars in installments of forty dollars on the
    first day of each month during the term, which extended from
    January 1st, 1880, to January 1st, 1882. The lease was in writ-
    ing. On the 12th of October, 1880, the lessee, for value, and with
    the consent of the lessor, transferred his lease by parol to C
    who took possession thereunder and held until the 9th of March,
    1881, paying rent to A according to the terms of the lease, when
    he vacated and refused to pay rent for the remainder of the
    year and term; Held, C was liable for the rent whether he occu-
    pied the premises or not.

ERROR to the district court of Adams county. Tried
below before MORRIS, J.

*Dilworth, Smith & Dilworth,* for plaintiffs in error.

*Batty & Ragan,* for defendants in error.

REESE, J.

Defendants in error executed to Maxon Brothers a writ-
ten lease to certain property for the term of two years, be-
ginning January 1st, 1880, and terminating January 1st,
1882, for the sum of nine hundred and sixty dollars, to

be paid in installments of forty dollars each on the first day of each month during the term. The lessees took possession and held until October 12th, 1880. No objection is made to this lease, nor is its efficacy questioned. Maxon was engaged in business as a furniture dealer. On the last named date they sold their stock of goods to plaintiffs in error, who took possession of the leased property (a store building) and occupied it until the 9th day of March, 1881, when they vacated it and refused to pay rent after that date. This action was brought to collect the rent from that time until the termination of the lease, defendants in error alleging in their petition that Maxon Bros. assigned the lease to plaintiff in error as a part of the consideration for the goods, who went into possession of the premises under and by virtue of the assignment, and continued their occupancy thereunder until the said 9th day of March, and that they afterwards refused to carry out their contract in that behalf. The answer is a general denial.

It is insisted by plaintiffs in error that they did not agree to accept an assignment, and carry out the terms of the lease, and that the verdict upon that question is not supported by the evidence. Upon this part of the case it is sufficient to say that the testimony is quite contradictory, but this question of fact was necessarily determined against plaintiffs in error by the jury, and there is sufficient to sustain the verdict as to the existence of the agreement.

No written assignment of the lease was made, and the real and controlling question in this case is, whether or not the parol contract or agreement between Maxons and plaintiffs in error and agreed to by defendants in error, followed by possession thereunder, is sufficient to take the case out of the statute of frauds, as declared by section 5, chapter 32, Compiled Statutes 1885, which is as follows:

"Every contract for the leasing for a longer period than one year, or for the sale of any lands, or any interest in

lands, shall be void unless the contract, or some note or memorandum thereof, be in writing, and signed by the party by whom the lease or sale is to be made."

For the purposes of this inquiry we must assume that the verdict of the jury is correct, and that the agreement between the parties was made as testified to by the witnesses of defendants in error, and that plaintiffs in error took possession of the property, occupied it, and paid rent therefor under and by virtue of the contract. This being true we think their liability follows, and the judgment is correct. It has been substantially the uniform holding of courts that a part performance of a contract of purchase, such as taking and holding possession thereunder, will take a case out of the statute, and that the vendor cannot be heard to set up the statute in bar of the recovery of the vendee in possession. Wood on Frauds, §§ 448, 490, and cases there cited. Reed on the Statute of Frauds, § 578, and cases cited in note (x). We are unable to see any distinction in the application of the rule, and, in fact, it has been applied to cases of the kind before us. In the Earl of Aylesford's case, cited in Roberts on Frauds, there was a parol agreement for a lease of twenty-one years, upon which the lessee entered and enjoyed for six years. A bill was brought to oblige the lessee to execute his counterpart of the contract for the residue of the term. The lessee pleaded the statute of frauds. The plea was overruled because the agreement had been part performed. See also *Grant v. Ramsey*, 7 O. S., 157. Reed on Statute of Frauds, § 582, and cases cited in notes (e) and (f). Bigelow on Fraud, § 2, chap. 10.

In some states it is held that where a tenant goes into possession under a contract running for a longer time than that allowed by statute, he thereby becomes a tenant from year to year, that being, as in this state, the longest term allowed for a parol lease. See *Koplitz v. Gustavus*, 48 Wis., 48. *Schuyler v. Leggett*, 2 Cowen, 660. *People v.*

*Rickert*, 8 Id., 226.  *Lockwood v. Lockwood*, 22 Conn., 425.  *Lounsbery v. Snyder*, 31 N. Y., 514.  See also, 1 Washburn on Real Estate (4 ed.), 614.  2 Reed on Statute of Frauds, § 810.  If the principle is applicable to the cas at bar (a question which we do not decide), it is clear that even then plaintiffs in error, having failed to surrender at the end of the first year, and having entered upon the second, would be liable for the rent of the remainder of that year.  *Friedhoff v. Smith*, 13 Neb., 5.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.