[L. A. No. 1634.    Department One.—October 8, 1903.]

## R. M. BAKER, Respondent, v. J. MAIER & ZOBELEIN BREWERY et al., Appellants.

LANDLORD AND TENANT—ACTION FOR RENT AGAINST ASSIGNEE OF LEASE
—EVIDENCE—VERBAL ASSIGNMENT—AGREEMENT FOR RENT.—In an
action by a lessor to recover rent against an alleged assignee of the
lease, it is not essential to the plaintiff's right of recovery that
he should prove a written assignment of the lease; but it is suffi-
cient if it appears that the defendant acquired the interest of the
lessee without written assignment and succeeded to the possession
of the lessee, and paid rent as his successor under the lease, which
was accepted by the lessor, and agreed with the lessor to pay future
rent at the rate stipulated in the lease.

ID.—ATTORNMENT—ACCEPTANCE OF NEW TENANT—ASSIGNMENT BY
OPERATION OF LAW.—Where the defendant had possession of the
lease without assignment, and being in possession under it, attorned
to the lessor, under the terms of the lease, and the landlord ac-
cepted him as a new tenant with the consent of the former tenant,
an assignment of the lease took place by operation of law.

ID.—LIABILITY OF ASSIGNEE FOR RENT—PRIVITY OF ESTATE—COVENANT
RUNNING WITH LAND.—The liability of the assignee for rent rests
upon the principle that the covenant for rent in the lease runs
with the land, and binds the assignee by privity of estate.

APPEAL from a judgment of the Superior Court of Los
Angeles County and from an order denying a new trial.
Waldo M. York, Judge.

The facts are stated in the opinion.

Louis Gottschalk, and A. W. Hutton, for Appellants.

H. T. Gordon, and John W. Mitchell, for Respondent.

CHIPMAN, C.—Action to recover two months' rent for
certain premises situated in the city of Los Angeles.    Plain-
tiff had judgment, from which and from the order denying
its motion for a new trial defendant Maier & Zobelein Brew-
ery (hereafter referred to as defendant) appeals.    The lease
was originally made to the firm of Charles Bauer & Co., com-
posed of Charles Bauer and J. A. Kelly, and plaintiff alleges

that they assigned said lease to defendant in writing, and that defendant entered upon and possessed the premises for the months of February and March, 1898. The complaint is verified, and the answer denies specifically its allegations. The court found that Bauer and Kelly leased the premises for a term of eight years; that defendant acquired said lease, and went into possession and occupied said premises for the months of January, February, and March, 1898; that defendant agreed with plaintiff to pay the rent, and paid the rental for the month of January, and agreed to pay said rent while the premises were occupied by defendant.

It is contended that there is no evidence to show that defendant acquired the lease from Bauer and Kelly, nor that it agreed to pay rent for the premises; that the finding that defendant occupied the premises during February and March is unsupported, because the evidence shows, as is claimed, that it occupied only a part of the premises during February. It is also urged as error that the court failed to find on the question as to whether Bauer and Kelly assigned the lease to defendant in writing, and that the evidence shows that there was no written assignment of said lease as alleged in the complaint.

Plaintiff testified that Bauer and Kelly leased the premises described in the complaint from the plaintiff; Kelly died in 1897, and Bauer continued in possession and paid the rent until January, 1898, when defendant took possession. The rent was payable monthly in advance, and on January 15th defendant paid for that month, and its vice-president, Zobelein (who was defendant's manager as well as vice-president), informed plaintiff that he was in possession, and "he agreed that he would pay the rent right along thereafter, and said plaintiff would have no trouble; that defendant had the lease assigned to it and wanted to know if plaintiff would consent to the assignment," and plaintiff promised to see the sureties on the lease about it; "defendant continued in possession and occupied the premises until about May 15, 1898, or perhaps a little longer, but has failed to pay any rent except that for January, 1898, and the rent for February and March is due and unpaid;" . . . "that plaintiff did not try to re-let the premises after his conversation with Zobelein above

stated; that he relied upon and expected defendant to pay the rent; they did not notify him they would not pay, nor offered to surrender possession, but did try to get plaintiff to change the terms of the old lease and make a new and different lease with them''; that the lease was not assignable without plaintiff's consent.

It appears from the testimony in the case that the partnership of Bauer and Kelly was dissolved about November, 1897, and Kelly afterwards died (but when does not appear), and Bauer continued in possession (apparently as survivor of the partnership) until December, 1897, when defendant ''took possession thereof,'' as testified by Bauer, ''under a chattel mortgage given to defendant; that [at] a sale under said mortgage defendant became the purchaser and took possession and that there was no written assignment of the lease by him or by Bauer and Kelly to defendant, nor from Kelly to him.'' On January 6, 1898, a petition in involuntary insolvency was filed against Bauer, and on the 18th he was duly adjudged an insolvent. Bauer also testified that defendant took possession of the premises, and used the place during January and March, either by tenants or in its own name. Witness Gilbert testified that vice-president and manager Zobelein told witness he had the Bauer and Kelly lease assigned to him; ''that Zobelein paid the rent for January, and said he would pay the rent right along after this.''

It was not necessary to plaintiff's right to recover that he should prove a written assignment of the lease to defendant, nor was it material that the court should find otherwise than that the defendant acquired the interest in the lease. The partnership of Bauer and Kelly was dissolved before Kelly's death, and Bauer succeeded to the possession of the premises, and presumably by right. Defendant took possession upon foreclosure of its chattel mortgage on Bauer's merchandise and fixtures before Bauer's insolvency. The death of Kelly and the insolvency of Bauer therefore did not affect the interest of defendant or the question as to the assignment of the lease. The condition of the lease by which plaintiff was to give his written consent to its assignment was for the protection of the plaintiff. So far as concerned plaintiff, the assignment to defendant, if in writing, would have to be with

plaintiff's consent; as previous consent was not obtained, it is immaterial that the assignment was verbal. When plaintiff, however, with knowledge of defendant's possession, received rent from defendant, and defendant agreed to pay rent, and plaintiff agreed verbally to look to defendant for rent, the defendant was protected in its possession, whether the assignment was verbal or in writing, and plaintiff's right to rent was complete. Defendant's motion for a nonsuit was properly denied. There was a part of the two months that defendant had sublet to one Bernhard some portion of the premises, but plaintiff rightly looked only to defendant for rent, as plaintiff had nothing to do with that subletting. So far as concerned plaintiff, the possession was defendant's all the time, and its liability continued from its first possession until surrendered to plaintiff. Defendant makes a point as to some indefiniteness in the description of the premises as referred to by witnesses. We think the evidence shows that plaintiff's witnesses referred in their testimony to the premises as described in the complaint, and that they spoke of the entire leased property as in defendant's possession. On January 28, 1898, defendant notified plaintiff in writing that the saloon property of Bauer had passed into defendant's hands on foreclosure of chattel mortgage, and that defendant found there was a lease to Bauer for an unexpired term; that defendant could not afford to pay two hundred dollars monthly rent, but made a proposition to renew the lease, with the privilege of making some changes in the premises, and would then pay two hundred and fifty dollars per month. This proposition was declined, but pending some consideration of the matter by plaintiff defendant's tenant, Bernhard, continued to occupy the premises until in February, and the evidence is, that defendant continued in control and possession of the premises, although Zobelein testified that defendant did not use all of the premises. The contention that there was no relation of landlord and tenant between plaintiff and defendant, because the lease was not assigned in writing, is not tenable. Defendant went into possession under the Bauer lease, which it found in existence when it took over the effects of Bauer under the chattel mortgage, and defendant paid the monthly rental for January at the rate prescribed in the

lease. Defendant thereupon became tenant under the lease, even if the assignment was void under the statute of frauds. (Wood on Landlord and Tenant, p. 100, sec. 23; also, p. 105, sec. 25; Taylor's Landlord and Tenant, sec. 19.) Defendant had possession of the lease which he took from Bauer without assignment, and by attorning to plaintiff, according to the terms of the lease, defendant became assignee. (Wood's Landlord and Tenant, p. 740, sec. 336.) An assignment by operation of law takes place by the landlord's acceptance of a new tenant with the consent of the old tenant. (8 Am. & Eng. Ency. of Law, 1st ed., p. 670.) "To recover rent *eo nomine*, the plaintiff must show the defendant's possession was by virtue of some express or implied agreement." (*Ramirez* v. *Murray*, 5 Cal. 223, cited by appellant.) The evidence showed payment for one month and agreement to pay while remaining in possession. In *Bonetti* v. *Treat*, 91 Cal. 223, there was a written assignment of the lease with the lessor's consent. Here there was a verbal assignment with the lessor's consent. We think the assignee equally bound in both cases to pay rent, and that the two cases are similar so far as the liability of the assignee of the lease is concerned. The principle stated in the case cited is, that the assignee is liable to the lessor by the covenant of the lease to pay the rent, which is a covenant running with the land, and not by the contract of assignment, the non-performance of which is enforceable only by the lessee. It was further held that "the assignee is answerable for the rent during his ownership of the term under his assignment, and his liability therefor arises out of the privity of estate, and this without reference to any obligation assumed by him in the contract of assignment." (*Bonetti* v. *Treat*, 91 Cal. 223.)

It is advised that the judgment and order be affirmed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Van Dyke, J.