(No. 15257.—Reversed and remanded.)
GEORGE B. MILLER *et al.* Appellants, *vs.* ALBERT J. HALE *et al.* Appellees.

*Opinion filed April 18, 1923—Rehearing denied June 7, 1923.*

1. EQUITY—*when a bill is not multifarious.* A bill in equity is not multifarious when the joinder therein of distinct matters prevents a needless multiplicity of suits and neither inconveniences the defendants nor causes additional expense or when different matters arise out of one transaction or series of transactions forming one course of dealing, as it is the aim of courts of equity to administer complete relief in one suit, if possible.

2. SAME—*when equity will grant incidental relief—pleading.* A court of equity will in a single suit investigate and determine all questions incidental to the determination of the main controversy and will grant all relief incidental to the accomplishment of the main object of the bill, and although a bill embraces more than one object it will be sustained if such procedure is necessary or highly conducive to the administration of justice.

3. SAME—*when general demurrer to a bill should be overruled.* Where a bill sets forth various claims for relief and the defendants file a general demurrer, the demurrer should be overruled if any of the claims therein set forth be proper for the jurisdiction and consideration of a court of equity.

4. SAME—*tax-payers may resort to equity to prevent misappropriation of public funds.* Tax-payers may resort to a court of equity to prevent misappropriation of public funds; and this right is based upon the tax-payers' equitable ownership of such funds and their liability to replenish the public treasury for the deficiency which would be caused by the misappropriation.

5. HIGHWAYS—*when section 15d of the Roads and Bridges act, authorizing transfer of road fund, does not apply.* Section 15d of the Roads and Bridges act, as amended in 1917, providing that any county which desires to construct State aid roads more rapidly than its allotment of State aid road moneys will permit may "accept, receive and use as county funds for such purpose any money turned over to such county by any town or road district," does not authorize a commissioner of highways of a town to turn over to the county money from a town road fund created for a special purpose before that purpose is accomplished.

6. SAME—*equity will prevent misappropriation of road fund by highway commissioner.* A bill filed by tax-payers to prevent the

commissioner of highways from misappropriating a special hard road fund levied and collected in the town pursuant to a vote of the people, states sufficient grounds for equitable relief where it alleges that the commissioner is without authority in expending the fund on roads not mentioned in the petition for such election and that his proceedings do not comply with sections 116 and 118 of the Roads and Bridges act.

APPEAL from the Circuit Court of Fulton county; the Hon. GEORGE C. HILLYER, Judge, presiding.

HARVEY H. ATHERTON, and GLENN RATCLIFF, for appellants.

FLOYD F. PUTNAM, State's Attorney, A. E. TAFF, BURNETT M. CHIPERFIELD, and CLAUDE E. CHIPERFIELD, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

On behalf of themselves and all other tax-payers of the town of Canton, in Fulton county, appellants filed in the circuit court of said county their amended and supplemental bill, which, omitting the details, charged that at an election held in the town of Canton pursuant to the provisions of section 108 of the Roads and Bridges act (Laws of 1915, p. 603,) a special tax was authorized and levied against the taxable property of the town for a period of five years, beginning in 1917, "for the purpose of constructing, widening, maintaining, gravel, rock, macadam or other hard roads," the petition calling the election specifically describing ten roads to be improved, the aggregate length of which is about twelve miles; that there has been levied and collected and placed in this special road fund $118,822; that this amount has been received by the supervisor of said town as *ex-officio* treasurer of the road and bridge fund; that Albert J. Hale, the commissioner of highways of said town, has spent a large amount of the fund illegally; that

he has spent a large amount of the fund for repairing roads other than those described in the petition calling the election to authorize the special tax; that instead of selecting materials suitable for the purpose of constructing hard roads that would permit him to improve all the roads described out of the funds available for that purpose, he has decided to pave certain of the roads with concrete pavement and to spend none of the funds on the other roads described; that he has not had the roads described in the petition surveyed, nor has he had suitable maps, plans, specifications and estimates of the cost of the proposed improvement made; that he has not advertised for sealed bids for the work; that, wholly disregarding his duty in that behalf, he has spent $46,750 from the special road fund, and that with the exception of two contracts which were let for the construction of a concrete pavement on South Fourth avenue road, amounting to $8519.53, he has caused to be paid out of the special road fund, and the supervisor has paid out of the special road fund, certain large sums for the payment of labor and materials privately contracted for by the commissioner of highways without advertising for bids or the letting of any contracts, as required by law, and without the approval or the consent of the county superintendent of highways; that the commissioner of highways has drawn orders payable to himself, and that said orders have been paid by the supervisor from the special hard road fund to the amount of several thousand dollars; that the commissioner has not kept a full and accurate record of his acts and doings nor of the money expended by him from said fund, and has not filed with the town clerk the records, plans, estimates and specifications required by law and has not made a full report to the board of town auditors; that he has done no work and expended none of the special road fund upon any of the roads designated except three, and that an excessive and disproportionate amount of the fund has been expended on the three roads selected;

that he has expended more than $20,000 of the special road fund for the construction of bridges and culverts and for the grading of a right of way on the North Main street road, which has been designated by the board of supervisors as a State aid road and which has been accepted as such by the Department of Public Works and Buildings; that in the performance of the work he has not caused plans and specifications to be made by the county superintendent of highways and has not advertised for bids, as required by law, or let the same by contract; that he has made the improvements without the consent or approval of the county superintendent of highways; that there is still in said fund about $66,350; that it is the intention of the commissioner of highways and of the supervisor and of the county superintendent of highways to expend all of the balance of the fund in improving the North Main street road and not to expend any part of the fund upon any other road designated in the petition; that for the purpose of carrying out the intention of the commissioner of highways the supervisor of the town of Canton presented to the board of supervisors a resolution which purported to authorize the surrender of the special road fund of the town of Canton to the county of Fulton for the purpose of paving the North Main street road with concrete; that the resolution was adopted by the board of supervisors, and that the supervisor of the town of Canton has turned over to the county treasurer of the county of Fulton the balance remaining in the special road fund; that it is the intention of the county treasurer to pay over the fund so placed in his hands for improvements to be done upon the North Main street road unless restrained by an order of court; that said action on the part of all of said officers is illegal and unauthorized; that the commissioner of highways and the supervisor are not financially responsible and have no money or property of value which would be subject to judgment and execution, and that unless the wrongful expenditure of the special road

fund is restrained, the appellants and other tax-payers of the town of Canton are without remedy. The bill prays that the town and county officers who are made parties defendant be required to make full and direct answer to all matters charged; that they be required to make full and correct report and accounting of all of the special road fund of the town of Canton; that they be required to refund to the town of Canton all of the moneys found and determined by the court to have been wrongfully and illegally expended or wrongfully and illegally turned over to the county treasurer, and that said officers be restrained from further wrongfully and illegally disbursing the special road fund, and that said officers be required to use and expend the special road fund for the purposes of improving the roads described in the petition calling the election to authorize the creation of said fund; that they be required to apportion the fund among the respective roads therein described; that they be required to select for the construction of the roads such materials as can be purchased at such a price as will enable all of the roads to be constructed out of said funds, and for general relief. A demurrer to the bill was filed and sustained.

It is first contended that the bill is multifarious and that improper parties have been joined. A bill is not subject to this charge when the joinder therein of distinct matters prevents a needless multiplicity of suits and neither inconveniences the defendants nor causes additional expense. If the grounds be not entirely distinct and disconnected, if they arise out of one transaction or series of transactions forming one course of dealing and all tending to one end, and if one connected story can be told of the whole, the objection of multifariousness does not apply. One of the favorite objects of a court of equity is to do full and complete justice by avoiding a multiplicity of suits. It is the aim of courts of equity to administer complete relief in one suit, although to do so requires investigation of several

matters and relief consisting of different elements. The court will in a single suit investigate and determine all questions incidental to the determination of the main controversy and will grant all relief incidental to the accomplishment of the main object of the bill. Though a bill embraces more than one object, it will be sustained if such procedure is necessary or highly conducive to the administration of justice. (*Anderson* v. *Anderson,* 293 Ill. 565; *King* v. *Rice,* 285 id. 123.) We can see no objection to the appellants presenting all their claims in one bill and making all parties concerned defendants.

In answer to that portion of the bill which challenges the right of appellees to transfer the permanent road fund from the treasury of the town of Canton to the treasury of the county of Fulton, appellees cite as authority for their action section 15*d* of the Roads and Bridges act. As amended in 1917 this section provides, among other things, that any county which desires to construct State aid roads more rapidly than its allotment of State aid road moneys will permit, may advance money for such purpose from any available fund, and may "accept, receive and use as county funds for such purpose any money turned over to such county by any town or road district in such county, and the commissioners of highways of any such town or road district are hereby authorized to turn over to such county money from the permanent road fund or other available fund of the town or road district, to be used by such county, upon terms and conditions prescribed by the State highway commission, to construct a State aid road in such town or road district." (Laws of 1917, p. 715.) Appellants contend that this section does not apply to the fund in this case, and that if the section is construed to apply as it was construed by the chancellor it is unconstitutional, for the reason that by such construction it is made to contravene section 17 of article 4 of the constitution, which forbids the diverting of money from an appropriation made for a special purpose

to another purpose, and section 1 of article 4, which vests all legislative power in the General Assembly, the argument being that the act so construed would be an attempt to delegate legislative power to the highway commissioner, and section 2 of article 2, the argument being that the vested rights of the town of Canton and of the tax-payers of said town in the fund in question are being destroyed without due process of law. We are of the opinion that, so far as the record now before us shows, section 15d does not apply to the fund in this case, and for that reason it will not be necessary to consider the constitutional questions. From the allegations in the bill it appears that the permanent road fund of the town of Canton will be exhausted before the roads described in the petition calling the election at which the creation of the fund was authorized are improved, and so none of the fund is available for the construction of State aid roads. It will not be assumed that the legislature intended to authorize the highway commissioner to divert a road fund of a town created for a special purpose to another purpose before the purpose for which the fund was created is accomplished. So far as we are now advised, most of the roads for the improvement of which this permanent hard road fund was appropriated are not State aid roads and could not be improved under any State aid road improvement program.

The chancellor dismissed this bill for want of equity, and the only question presented for our consideration on this appeal is whether there is equity in the bill. When a bill sets forth various claims for relief and the defendants file a general demurrer, the demurrer should be overruled if any of the claims therein set forth be proper for the jurisdiction and consideration of a court of equity. (*Kinder* v. *LaSalle County Coal Co.* 301 Ill. 362; *Barr* v. *Barr,* 273 id. 621; *Wescott* v. *Wicks, 72* id. 524; *Brown* v. *Hogle,* 30 id. 119.) It is well settled that tax-payers may resort to a court of equity to prevent misappropriation of

public funds, and that this right is based upon the tax-payers' equitable ownership of such funds and their liability to replenish the public treasury for the deficiency which would be caused by the misappropriation. (*Fergus* v. *Russel,* 270 Ill. 304; *Litz* v. *Village of West Hammond,* 230 id. 310; Pomeroy's Eq. Rem.—2d ed.—sec. 1767.) Section 115 of the Roads and Bridges act requires the county superintendent of highways of the county in which a town voting to construct hard roads is located, to at once survey the route of the roads to be improved and to prepare suitable maps, plans, specifications and estimates of the cost of the proposed improvement, to divide the same into convenient sections, and to file a copy with the town clerk and with the commissioner of highways. (Laws of 1915, p. 604.) Section 116 of the same act requires the commissioner of highways, when the plans and specifications are completed, to advertise for sealed bids for said work, and section 118 requires him to open the bids and let the contract publicly to the lowest responsible bidder by sections, provided no contract in excess of $200 shall be let by the commissioner of highways without the approval of the county superintendent of highways. This same section further provides: "No commissioner shall be interested, either directly or indirectly, in any contract relating in any manner to said road." (Laws of 1913, pp. 565, 566.) The bill alleges that the officers charged with the administration of this special road fund have wholly disregarded these specific provisions of the statute and that the funds have been and are now being wrongfully appropriated. Without considering further charges in the bill, it is clear that the chancellor erred in sustaining the demurrer.

The decree is reversed and the cause is remanded to the circuit court of Fulton county, with directions to overrule the demurrer and for further proceedings.

*Reversed and remanded, with directions.*