(No. 20519.—

JOHN REGAN, Appellant, *vs.* THOMAS J. GRADY, Appellee.

*Opinion filed February 18, 1931—Rehearing denied April 14, 1931.*

Laurence M. Fine, for appellant.

Henry N. Miller, Deneen, Healy & Lee, and John M. Grimes, for appellee.

Mr. Justice DeYoung delivered the opinion of the court:

John Regan filed a bill in the superior court of Cook county for the dissolution of a partnership between himself and Thomas J. Grady, the appointment of a receiver, an accounting, the partition or sale of the partnership property and the reconveyance of his homestead. Persons interested

or claiming an interest in the property were made defendants to the bill. Grady interposed a general and special demurrer to the bill, the demurrer was sustained and the bill was dismissed for the want of equity. Regan prosecutes this appeal from the decree.

The bill contains the following, among other, allegations of fact, which, by the demurrer, are admitted to be true: On August 15, 1919, Regan and Grady entered into an oral agreement to engage in the real estate business in the city of Chicago for the period of five years under the name of T. J. Grady & Co. Regan conveyed a vacant lot to Grady which the latter sold and the proceeds were expended in conducting the business of the partnership. The profits of the business were invested and re-invested in real estate. Titles to various parcels of property were taken and held in the names of the appellant, of Beatrice Regan, his wife, and of the appellee for the benefit of the partnership. The books of the partnership contain a record of the parcels of land acquired by the partners and held by them in their individual names and in the names of other persons. Seventy lots are described in the bill, the titles to which were so held. The appellee had deeds in blank, signed by the appellant and such other persons, in his possession, and inserted in the forms the descriptions of the lots and the other essentials of a deed and thereby caused purported conveyances of the lots to be made.

It was agreed between the partners, that the appellant should be provided with a lot upon which to build his home. The appellee accordingly conveyed a lot to him and the latter built a house upon it and has since resided on the premises as his homestead. The appellee, without the knowledge of the appellant, took a blank deed signed by the latter and his wife, and inserted in it the description of the appellant's homestead, the names of the appellant and his wife as grantors, and the name of John O'Brien as the grantee.

A purported certificate of acknowledgment was attached to the instrument and it was filed for record. The property was thereafter conveyed by O'Brien to the appellee. These conveyances were surreptitiously made and were not discovered by the appellant until September 4, 1929.

The partnership continued beyond the term originally fixed and on September 7, 1929, the appellant served a notice in writing upon the appellee, which set forth that, by reason of the latter's acts, the former had decided upon a dissolution of the partnership and a division of its assets and good will on a just and equitable basis. It was further stated in the notice that the appellant would meet the appellee at the office of the former's attorney at noon on September 9, 1929, or at such other time and place as the latter might designate. The appellee, however, refused to meet the appellant. The bill charges that the books of the partnership are under the appellee's control and are not accessible to the appellant; that by divesting the appellant of the titles to the partnership properties which stood in his name, and of the title to his homestead which he owned individually, the appellee has defrauded him out of his interest in the partnership properties, deprived him of his homestead and excluded him from participation in the business and profits of the partnership.

The appellee married Eileen Grady after the partnership was formed and later filed a suit for divorce against his wife. She filed a cross-bill in the divorce suit claiming an interest in the partnership estate and sought an injunction to restrain its disposition. She was made a defendant to the appellant's bill.

The substance of the allegations of the bill is set forth in the foregoing statement. The appellee's principal contention is that the appellant, in his bill, fails to state a cause of action. It is alleged in the bill, among other things, that the appellant and his wife, for the convenience of the

partnership, signed blank forms of deeds of conveyance; that they had no intention to convey their homestead, but that the appellee surreptitiously caused the description of the homestead and the names of the appellant and his wife as grantors and of John O'Brien as the grantee to be inserted in one of these forms; that the appellee caused the purported conveyance to be filed for record, and that he sought by these means to deprive the appellant of his homestead. These allegations, apart from others contained in the bill, are sufficient to invoke the jurisdiction of a court of equity. The demurrer was filed to the whole, and not to a part, of the bill. A bill may be defective in many respects and vulnerable at many points and yet be good as against an attack by a general demurrer. If a bill is good in part, a demurrer to the whole bill cannot be sustained. When a bill sets forth various claims for relief and the defendant files a general demurrer to the bill, the demurrer should be overruled if one of the claims is within the jurisdiction and proper for the consideration of a court of equity. *Haas* v. *Commissioners of Lincoln Park,* 339 Ill. 491; *Barr* v. *Barr,* 273 id. 621; *Snow* v. *Counselman,* 136 id. 191; *Gooch* v. *Green,* 102 id. 507.

The appellee further contends that since the contract was oral and created a partnership for the period of five years, it was not to be performed within one year and, for that reason, was obnoxious to the first section of the Statute of Frauds. According to the allegations of the bill, admitted by the demurrer, the contract had run for ten years and the appellant had performed it on his part. The appellant, by his bill, did not seek enforcement of the oral contract, but a dissolution of the existing partnership, a division of the partnership property and a reconveyance of his homestead. It is well settled that, where a contract has been performed by a complainant, the Statute of Frauds cannot be interposed as a defense to his bill for appropriate

relief. *Dyrenforth* v. *Palmer Tire Co.* 240 Ill. 25; *Mac-Donald* v. *Crosby,* 192 id. 283; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Wood,* 189 id. 352; *Fraser* v. *Gates,* 118 id. 99.

The appellee contends that since the appellant was not a party to the appellee's suit for divorce and the appellee's wife, the defendant in that suit, is not shown to have an interest in the partnership agreement, a distinct cause of action is brought into this suit over which the court has no jurisdiction. It is alleged in the bill that the appellee's wife, in her cross-bill in the suit for divorce, claims an interest in the property of the partnership and that she seeks an injunction restraining the disposition of that property. Conflicting claims may be made to the same property, and yet they cannot be said to constitute distinct causes of action in the sense that they are not cognizable in the same suit in equity. The fact that different demands arise out of the same transaction or series of transactions may render it convenient to dispose of them together, and where this is the case, a bill uniting them all is not multifarious. Where a common origin leads to a commingling of controversies, their joinder in a suit to which all concerned are parties may be the most convenient method of adjudicating the whole matter. The interests of the several defendants need not be identical nor is it necessary that the relief sought against each of them be the same. A court of equity will in a single suit investigate and determine all questions incidental to the main controversy and grant all relief incidental to the accomplishment of the main object of the bill. *Miller* v. *Hale,* 308 Ill. 275; *Anderson* v. *Anderson,* 293 id. 565; *Northwestern University* v. *Wesley Hospital,* 290 id. 205; *King* v. *Rice,* 285 id. 123; *Stephens* v. *Collison,* 249 id. 225.

Another contention of the appellee is that Beatrice Regan and Eileen Grady, the wives of the appellant and the appellee respectively, were improperly made defendants to the

bill. The defense of misjoinder is not available to the appellee for the objection that there is a misjoinder can only be raised by the party improperly joined. *Waughop* v. *Bartlett,* 165 Ill. 124; Story's Equity Pleading, (10th ed.) secs. 544, 237.

The final objection to the bill urged by the appellee is that the appellant was guilty of *laches* and hence that he should be denied relief. A court of equity will not aid a person guilty of unreasonable delay in asserting his rights. There is no *laches,* however, where there is neither knowledge nor the means of knowledge, and delay will not bar relief where the party who has been damaged has been ignorant of the fraud. The duty to institute suit arises only upon the discovery of the fraud perpetrated. In this case, the appellant discovered the fraudulent conveyance of his homestead on September 4, 1929. About the same time he first gained knowledge of the conveyance of the partnership properties. He served notice of his withdrawal from the partnership on September 7, 1929, and the bill was filed on April 1, 1930. No adverse party was prejudiced by the lapse of time between the discovery of the fraud and the institution of this suit. The facts and circumstances do not disclose *laches* on the part of the appellant in filing his bill.

The rules of equity pleading require a clear and orderly statement of the facts relied upon as the basis for the relief sought in order that the facts alleged may be readily understood and put in issue. The bill in this case does not conform to these rules, but presents a confused statement of facts and conclusions. Sufficient facts, however, are stated in the bill to require an answer by the appellee. Accordingly the decree of the superior court is reversed and the cause is remanded to that court with directions to overrule the demurrer. *Reversed and remanded, with directions.*