**J. R. Fetherston et al., Appellees, v. National Republic Bancorporation et al., Defendants.**
**Appeal of Central Republic Trust Company, Appellant.**

**Gen. No. 36,952.**

Opinion

filed November 22, 1933.

ARTHUR J. HUGHES, for appellant; FRANK MICHELS and LAURENCE V. MEYERING, of counsel.

SHULMAN, SHULMAN & ABRAMS, LEONARD F. McGEE and PAUL T. KLENK, for appellees; MEYER ABRAMS, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendant, the Central Republic Trust Company, seeks to reverse an order of the superior court of Cook county which denied its motion to dissolve an injunctional order restraining defendant, its officers, agents, successors and assigns from selling certain collateral held by it. Complainants' motion for an injunction was heard on their verified amended bill of complaint as amended. Afterward, the defendant moved to dissolve the injunctional order, the motion was overruled and denied, the defendant's general and special demurrer was overruled and it ordered to answer. On this appeal, therefore, the question is whether the allegations of the amended bill were sufficient to warrant the issuance of the injunctional order.

The allegations of the bill, so far as is necessary to state them here, are that J. R. Fetherston, individually and as chairman of the "Depositors Protective Organization of the Madison Square State Bank" (a voluntary organization) and other depositors of that bank and H. R. Dow, receiver of the Madison Square State Bank, as complainants, filed their bill on behalf of all the depositors of that bank, the total claims of the depositors aggregating more than $962,000; that complainants' action in filing the bill was unanimously ratified and approved by more than 3,000 depositors of the Madison Square State Bank; that the National Bank of the Republic was a banking institution located

in downtown Chicago, which desired to dominate and control certain banks in outlying districts of Chicago, and with that end in view organized a syndicate known as National Republic Investment Trust, and a corporation known as the National Republic Bancorporation which obtained control of a number of outlying banks, including the Madison Square State Bank; that in order to induce the depositors to leave their money in the Madison Square State Bank and others to make new deposits in the bank, the National Bank of the Republic and the National Republic Bancorporation caused to be advertised that the outlying banks were a part of a system supported by them with combined resources of more than $250,000,000, and that certain officers of the Bancorporation and officers of the downtown bank advertised that the outlying banks were in a strong financial condition, backed by the downtown banks mentioned; that a statement of the financial condition of the Madison Square State Bank was issued with the knowledge and approval of the National Bank of the Republic and the Bancorporation, showing that the Madison Square State Bank had resources of more than two and one-half million dollars, cash on hand, and due from banks of more than $726,000; that these statements were untrue and were known by the parties who made them to be untrue; that they were acted upon by complainants in the belief that they were true; that June 10th and 11th, 1931, all of the collateral in the Madison Square State Bank, consisting of notes, bonds, trust deeds and other securities, were taken to the National Bank of the Republic and placed in that bank as collateral "for an alleged indebtedness of $450,000," as shown by the latter bank's books under the heading of "Bills Payable," and that these bills were later reduced to about $348,000; that the National Bank of the Republic and the Central Trust Company merged into a bank known as Central Republic Trust Company, the defendant, and acquired

the securities above mentioned, aggregating more than $450,000; that afterward the financial statement which was required by law was made by certain of the defendants and showed that the Madison Square State Bank was in good financial condition; that the $348,000 which was owed by that bank was paid in full, and that that bank had about $650,000 cash on hand with no bills payable; that this report was false and known to be such, and a few days after publication of such financial statement the records of the Madison Square State Bank showed that the bills payable, aggregating more than $348,000 again appeared as being due and unpaid, and very little cash deposits in that bank; that these false financial statements caused certain of the depositors to leave their deposits in the bank and others to open up new accounts, as a result of which they lost their money, the bank being hopelessly insolvent when it was closed.

It was further alleged that the defendant, Central Republic Trust Co., notified the Madison Square State Bank and H. R. Dow, its receiver, that it held two promissory notes executed by the Madison Square State Bank, one dated July 1, 1931, for $150,000 and one dated October 10, 1931, for $50,000, and that there was a balance due on these notes of more than $146,000, and that at a certain date mentioned it would offer at public sale the balance of collateral held by it as security for the payment of the notes; that the face value of the collateral was more than $458,000; that the Central Republic Trust Co. was not an innocent purchaser for value of the two collateral notes, having received them through its merger with the National Bank of the Republic.

The prayer of the bill was that complainants be decreed to have a lien on the collateral and that the defendant, Central Republic Trust Co., its officers and directors who participated in the alleged fraudulent transactions mentioned, be held jointly and severally

liable to pay any deficiency to make up the full amount of the deposits of more than $962,000.

The merits of the case are not before us. The only question on this interlocutory appeal is whether the court erred in refusing to dissolve the preliminary injunction.

The defendant contends that each of the depositors "has a complete and adequate remedy at law, by separate actions which can neither be prosecuted nor joined in equity," and therefore the court of chancery had no jurisdiction. We think it obvious that 3,000 depositors ought not to be required to bring 3,000 separate suits which would require the proving of the same charges 3,000 times, when equity in one suit would afford complete relief. To say that there was an adequate remedy at law under the circumstances, is wholly without merit. *Kiefer Tanning Co. v. Alliance Ins. Co.,* 266 Ill. App. 362; *Regan v. Grady,* 343 Ill. 423; *Golden v. Cervenka,* 278 Ill. 409. Moreover, the receiver in this case represents all the depositors.

The defendant further contends that the matters alleged in the amended bill of complaint fail to show that the securities in question were not properly held by the defendant, Central Republic Trust Co., as collateral security for the payment of the two notes executed by the Madison Square State Bank for $150,000 and $50,000, respectively, on which there is a balance due of more than $146,000, and in support of this it is said that no facts were alleged tending to show that the Madison Square State Bank did not owe the claimed balance due on the two notes. We think this contention must be sustained.

The theory of complainants' bill is that defendants made a false statement, which was published, and on which complainants relied, which showed that the bills payable by the Madison Square State Bank, aggregating more than $348,000, were paid when, as a matter of fact, they were not paid, because a few days after

the publication of the statement the records of the Madison Square State Bank again showed the $348,000 due and owing by that bank; that the report was false in this particular; that the bills were not in fact paid. But the further argument seems to be that when, through the fraudulent acts of the defendants in making the report, which showed the $348,000 of bills payable had in fact been paid, the collateral should have been returned to the Madison Square State Bank, and that therefore the collateral was not held by the defendants as a valid pledge. We think this contention cannot be sustained because the allegations of the bill are that the bills payable were in fact not paid. We have been unable to find any allegation of fact in the amended bill, as amended, that tends in any way to show that the balance of the two notes of $150,000 and $50,000, respectively, namely, $146,000, was not a bona fide indebtedness due and owing from the Madison Square State Bank, for which the securities in question were pledged as collateral security. The argument seems to be that the bill alleges the claimed $450,000 on which there was a balance due of more than $348,000, was only an "alleged indebtedness." This is but a conclusion; no facts are pleaded to warrant this conclusion, and such allegations are insufficient. Obviously, if there was a valid indebtedness of $146,000 due and owing from the Madison Square State Bank, the payment of which was secured by the collateral involved, the defendant ought not to be enjoined from selling the collateral to pay the balance due it.

The facts alleged by complainants did not warrant the issuance of the injunctional order, and the court erred in refusing to dissolve it.

The order of the superior court of Cook county appealed from is reversed.

*Order reversed.*

Matchett, P. J., and McSurely, J., concur.