## MARS et al. v. SPANOS.

### No. 8397.

United States Court of Appeals.
District of Columbia.
Argued Nov. 9, 1943.
Decided Dec. 6, 1943.

Mr. John R. Walker, of Washington, D. C., with whom Mr. Achilles Catsonis, of Washington, D. C., was on the brief, for appellants.

No appearance for appellee.

---

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

PER CURIAM.

This proceeding was begun in the District Court by James Spanos, as plaintiff, to establish the existence of a partnership between himself and Theodore Mars, the ownership by the partnership of a five-year lease to No. 335 Pennsylvania Avenue, Southeast, in the District of Columbia, and an accounting of the partnership business. After pre-trial one Samuel Revis, a former partner, petitioned for and was granted permission to intervene as a party defendant.

The District Court appointed a receiver for the business and referred the issues and pleadings to a master. The master reported, inter alia, that Mars and Revis became partners in the business in February, 1941, and as partners secured from the owner a five-year lease of the Pennsylvania Avenue store, which thereupon became partnership property, that by mutual consent Revis a few days later voluntarily withdrew and received back all payments made by him to the partnership; that thereafter Mars and Spanos, by oral agreement, became general partners; that the lease, under the agreement between them, continued as partnership property, and the partnership duly paid the rent for the whole period of its occupancy by the partnership and by the receiver for the partnership. The District Court confirmed the report of the master in these respects, dissolved the partnership, directed sale of the property, including the lease, and ordered a division of the proceeds, subject to certain particular charges not in controversy. The evidence sufficiently sustains the findings.

This appeal on behalf of both Revis and Mars challenges the decision of the court as to the ownership of the lease,—(1) because of a provision therein that no assignment should be made except by consent of the lessor; and (2) on the ground that the attempted transfer of the lease by Revis to Mars and by Mars to the partnership was invalid because not in writing.

■■ First. We are of opinion that there is no merit in either contention. We think the rule well established that a covenant in a lease against assigning— being for the benefit of the lessor—may be availed of only by him or his representa-

tive or assignee. See Teator v. King, 35 Wash. 138, 76 P. 688; Potts Drug Co. v. Benedict, 156 Cal. 322, 104 P. 432, 25 L.R.A.,N.S., 609; Webster v. Nichols, 104 Ill. 160; Eldredge v. Bell, 64 Iowa 125, 19 N.W. 879. Here the landlord is not only making no objection to the assignment, but has ratified it by accepting from the partnership and the receiver the rent money for two years as it became due and, so far as we know, is continuing to accept it since the court sale of the partnership property in these proceedings. Baker v. J. Maier & Zobelein Brewery, 140 Cal. 530, 74 P. 22, 23.

■■ Second. Appellants' second point, as we have seen, is that the lease being for a five year term, the attempt of Revis to transfer by parol his half interest and the attempt by Mars, by parol, to make it part of the partnership assets were unlawful. The Statute of Frauds, D.C.Code 1940, § 12 —301, is invoked to sustain this contention. But we think to refuse to compel execution of the agreement would not only be contrary to the established rule, but would in the facts of this case, make the statute an instrument of fraud. The facts found show that immediately after the informal assignment by Revis to Mars and by him to the partnership of Mars and Spanos, the partners entered and took possession, and, with the implied consent of the lessor, remained in possession and discharged the obligations under the lease until the beginning of the second year, when the property was surrendered to the receiver by order of court. In these circumstances the rights of the parties as between themselves are not affected by the Statute of Frauds. Nothing is better established than the proposition that an oral agreement creating an interest in land, where the agreement has been carried into effect is valid and enforceable. Regan v. Grady, 343 Ill. 423, 175 N.E. 567; Baker v. J. Maier Yobelein Brewery, supra; Dewey v. Paine, 19 Neb. 540, 26 N.W. 248; Blue Valley Creamery Co. v. Consolidated Products Co., 8 Cir., 81 F.2d 182, 189; Smith-Powers Logging Co. v. Bernitt, 9 Cir., 237 F.570. The findings below bring the case within that rule. Revis, having voluntarily retired from the partnership and having received back his contributions and orally assigned his rights to Mars, obviously had no further interest in the case. The partnership between Mars and Spanos thereafter continuing until dissolved by order of court, it is just as clear that as

between Mars and Spanos their contract was completely executed.

The rights of the purchaser of the lease at the court sale not now being involved, we express no opinion on that subject.

Affirmed.