## ROSS et al. v. BRAINERD.
### No. 527.

Municipal Court of Appeals for the District of Columbia.

Sept. 22, 1947.

Herman Miller, of Washington, D. C., for appellants.

Ralph A. Cusick, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellee Brainerd is the owner of commercial property at 1215 Connecticut Avenue, the main floor of which he leased to appellants Ross and Saturn as a retail shoe store. The lease was made in February 1944 and was for a two-year term, running from December 1, 1944 to November 30, 1946. Lessees were prevented from entering upon possession for almost a year after the commencement date named in the lease, because of protracted litigation between Brainerd and J. & J. Slater, Inc., the tenant then in possession.[1]

Appellants actually entered into possession on November 1, 1945. At the expiration of the lease they failed to vacate and Brainerd sued for possession. They defended on the grounds that:

1. They were entitled to a full two-term, and Brainerd promised them that he would make up to them the time they had lost because of the Slater litigation.

2. They had been promised a five-year term after the expiration of this lease and, relying on this promise, they had spent much more on fixtures and equipment than they would otherwise have spent.

The case was tried to a jury. The evidence was conflicting as to whether Brainerd had promised a full two-year term from the date of lessees' actual entry into possession. Mr. Ross and Mr. Saturn testified that he made such promise. Mr. Brainerd and Mr. Cusick, his attorney, testified that no such promise was ever made. There was a provision in the lease which read as follows:

"It is understood and agreed that if, for any reason whatsoever, the Lessor does not deliver possession of the demised premises according to the terms of this lease, the rent shall be abated until such date as possession of the demised premises is tendered by the Lessor. In no event shall the Lessor, its agents or employees be liable in damages for failure to deliver possession under the terms of this lease, except for willful failure so to do."

There was also in evidence a letter from Mr. Cusick to the lessees dated October 31, 1945, just prior to the time they went into possession, which read in part as follows:

"As you are aware the premises have been leased to another tenant as of December 1, 1946, therefore, your plans should be made accordingly and no extensions can or will be given. This letter is being sent to you at the request of Mr. Brainerd so that there will be no misunderstanding."

The case was submitted to the jury on a set of three special interrogatories. The first of these required the jury to answer whether plaintiff Brainerd or his attorney had promised the lessees, either before or after they took possession, a one year extension of the lease to make up for the time lost because of the litigation with J. & J. Slater, Inc. The jury answered this interrogatory, "No" and such answer made it unnecessary for them to answer the remaining two interrogatories. The trial judge thereupon directed a verdict for plaintiff for possession and this appeal followed.

Appellants say there was error in refusing their motion for a directed verdict, made at the end of plaintiff's case and renewed at the close of the whole evidence. They argue that the lease called for a two-year term and in effect they say that the commencement and termination dates specified in the lease were merely descriptive and that the essence of the lease-contract was to grant them a full two-year term. We cannot agree that such is the proper construction of the lease; certainly it is not the only construction to which it lends itself under the circumstances. The evidence indicated that the parties knew there would probably be delay in securing possession. And yet all that the lease said on the subject was that rent should abate for such period as the lessees were prevented from taking possession. It did not provide any other remedy to the lessees for the delay. The only other writing in the case was the letter from Mr. Cusick warning them that "no extensions can or will be given" because the property had been leased to another tenant as of the expiration date of their lease. The rest of the evidence was in sharp conflict. The first interrogatory,

as worded, clearly reflected the basic issue in the case—whether defendants had been promised a term beyond that named in the lease. When the jury answered that no such promise had been made the whole defense failed and it followed that plaintiff was entitled to judgment.

 We said in Arsenault v. Angle, D.C. Mun.App., 43 A.2d 709, that parol evidence is admissible to show the circumstances surrounding the parties at the time of making a written contract; in order to ascertain but not to alter the true meaning of the contract. The trial judge gave the defendants even greater leeway by allowing them to show oral promises made after as well as before the execution of the lease.

Appellants attempt to build a further argument from Kresge v. Crowley, 47 App. D.C. 13, which held that the statute of frauds would not be permitted to operate as an instrument of fraud and that a lessor who permitted the lessee to incur expenses and change his position in reliance on the lease would not later be permitted to set up the claim that the lease was invalid. The defect in this argument, which is immediately apparent, is that it assumes that the lessor made promises which he later sought to repudiate. But the jury specifically found that no such promises had been made. The analogy to the Kresge case therefore fails and its doctrine is not at all applicable to the facts of this case.

This leaves for our consideration appellants' contention that they were entitled to an additional five-year term following the two-year term. The trial judge ruled that because the defenses were equitable, appellants were not entitled to have them tried to the jury, and that the jury would be permitted to consider and decide the defenses only in advisory capacity. In their brief appellants assigned this ruling as error; but upon oral argument before us they withdrew that contention.

Moreover, while appellants assigned as error the refusal of the judge to rule that they were equitably entitled to the two-year term, they made no such claim of error as to the five-year term. On this point their only assignment was that the court refused to submit this question to the jury. In their answer, while setting up alleged conversations regarding promises of a five-year lease, appellants concluded by claiming only that they "equitably are entitled to such full two-year term which has not yet expired." They made no allegations in their answer, nor submitted any proof as to any of the terms or conditions of the five-year lease which they claimed they had been promised verbally.

 Thus there really was no issue before the court as to the five-year item. Giving full effect to testimony offered by appellants that there was a discussion (or even a promise) of a five-year lease, it takes more than this to make a contract. "It is a necessary requirement in the nature of things that an agreement in order to be binding must be sufficiently definite to enable a court to give it an exact meaning." [2] Obviously a mere agreement to give a five-year lease, without some specification of terms does not meet this test.

 Furthermore, the Code, § 45—106, provides that a lease for longer than one year must be by deed signed and sealed by the lessor. And the applicable part of our statute of frauds contained in Code, § 12—301 provides that every estate in lands for a greater term than one year attempted to be granted by parol or otherwise than by deed shall be an estate by sufferance. We think it plain that the evidence did not show that the alleged agreement was entitled to be treated as an exception. The evidence did not show that the agreement had been executed (Compare Mars v. Spanos, 78 U.S. App.D.C. 230, 139 F.2d 369) or that there was fraud on the part of the lessor. (Compare Kresge v. Crowley, supra.) Therefore whatever the advisory verdict of the jury might have been the trial judge could not have ruled as a matter of law that there had been a validly created five-year term to follow the original lease. Therefore it was not error for him to withhold from the consideration of the jury the question of the five-year extension.

Affirmed.

[2] Williston, Contracts, Vol. 1, Sec. 37, and cases there cited. See also Restatement, Contracts, Sec. 32.