DIATZ et al. v. WASHINGTON TECH-
NICAL SCHOOL, Inc., et al.

No. 902.

Municipal Court of Appeals for the
District of Columbia.

Argued March 27, 1950.

Decided May 4, 1950.

Rehearing Denied June 2, 1950.
See 73 A.2d 718.

Howard Vogel, Washington, D. C., for
appellants.

Stanley H. Kamerow, Washington, D. C.,
with whom Allan L. Kamerow, Washing-
ton, D. C., was on the brief, for appellees.

Before HOOD and CLAGETT, Asso-
ciate Judges, and BARSE, Chief Judge,
Municipal Court for the District of Colum-
bia, sitting by designation.[1]

HOOD, Associate Judge.

Appellants, Philip and Sonia Diatz, com-
menced this action against appellees, Wash-
ington Technical School, Inc. and Eugene
Sobel, to recover rent due on the unexpired
term of a lease. The action was tried be-
fore a jury which returned a verdict for the
appellants against Eugene Sobel only. On
motion of Sobel to have the verdict set

1. Code 1940, Supp. VII, § 11—771.

aside and judgment entered in accordance with his motion for a directed verdict, or in the alternative for a new trial, the court entered judgment for Sobel and denied the motion for new trial. This appeal followed and relates only to the judgment as to Sobel.

■■ Appellee has moved to dismiss the appeal because the notice of appeal states that the appeal is from the order of the 23d day of November, which order was one denying a motion for rehearing of the motion for judgment. Generally an order denying a motion for rehearing, a motion for new trial or other like order is not an appealable order. The notice of appeal should have specified the order granting judgment as the order appealed from instead of the order denying the rehearing. However it is obvious that the appeal was intended to be from the order granting judgment and appellee concedes that, because the motion for rehearing extended the time for appealing, the notice was timely filed even as to that order. Under these circumstances we may treat the notice as an appeal from the judgment. Safeway Stores v. Coe, 78 U.S.App. D.C. 19, 136 F.2d 771, 148 A.L.R. 782. Cf. Indemnity Ins. Co. of North America v. Reisley, 2 Cir., 153 F.2d 296, certiorari denied 328 U.S. 857, 66 S.Ct. 1349, 90 L.Ed. 1629. This brings us to the merits of the appeal.

It appears from the record that appellants leased the premises involved to one J. A. Junsch and Washington Technical School for a term of two years commencing on the first day of November 1946. Junsch paid the first monthly installment of the annual rent, and the remaining installments were to be paid on the first day of each month. Junsch was tardy in the payment of the December rent and when the January rent was not paid on due date an action was commenced by appellant's rental agent for possession of the premises. According to the testimony of the rental agent this suit was withdrawn when Sobel paid the January rent. Sonia Diatz testified that she had gone to Sobel's place of business (a jewelry shop) at his request for consent to assignment of the lease and in the course of conversation with him consented to the assignment. The February rent was paid but on or about the first of March 1947 the premises were abandoned and no further rent was paid under the lease. It also appears from the record that the Washington Technical School was incorporated in Delaware about December 3, 1946 (after the lease was granted), with Eugene Sobel as one of the officers of the corporation. Sonia Diatz and the rental agent both testified that they had no knowledge of the incorporation until after the premises were abandoned. They also stated that they were told by Sobel in January that he was planning to have the school incorporated but the papers had not yet come through.

■ The appellants did not attempt to predicate liability of Sobel upon any agreement between Sobel and themselves, but rather upon the claim that Sobel was assignee of the lease given to Junsch. It is well settled that the assignee of a lease is liable to the lessor on the covenant in the lease to pay rent even though there is no agreement to that effect between the lessor and the assignee. See Smith v. Pickford, 66 App.D.C. 206, 210, 85 F.2d 705, 709; T. A. D. Jones Co. v. Winchester Repeating Arms Co., 2 Cir., 61 F.2d 774; 52 C.J.S., Landlord and Tenant, § 528; Jones, Landlord and Tenant, § 455; Tiffany, Landlord and Tenant, p. 1126. The liability of the assignee is based on the fact that he is in privity of estate with the lessor and therefore bound on the covenants which run with the land.

■■ An assignment of a lease however conveys an interest in realty and comes within the statute of frauds if for a greater term than one year. Code 1940, § 12–301. The appellants were not able to prove a written assignment and if they are so required to do then the court below did not err in setting aside the verdict and entering judgment for appellee Sobel. However it is well established that an oral agreement creating an interest in land which has been carried into effect is valid and enforceable. Mars v. Spanos, 78 U.S. App.D.C. 230, 139 F.2d 369. Where the lessee turns the premises over to the assignee

and the assignee enters into possession with the consent of the lessor and pays rent, the assignment is complete and the rights and liabilities of the parties are not affected by the statute. Mars v. Spanos, supra; Baker v. J. Maier & Zobelein Brewery, 140 Cal. 530, 74 P. 22; Dewey v. Paine, 19 Neb. 540, 26 N.W. 248; Tyler Commercial College v. Stapleton, 33 Okl. 305, 125 P. 443, 42 L.R.A.,N.S., 162, Ann.Cas.1916E, 837. See also 37 C.J.S., Frauds, Statute of, § 240; Jones, Landlord and Tenant, §§ 151, 442; Tiffany, Landlord and Tenant, §§ 154, 158. The only question which remains is whether on consideration of all the evidence and reasonable inferences therefrom in a light favorable to appellant the only result that can be reached is that appellants did not prove an executed assignment to Sobel under the above rule.

■ The record discloses that Junsch testified that he sold his interest in the school to Sobel and that Sobel as part of the sales agreement assumed the lease. There is also testimony by Sonia Diatz that Sobel said he was taking over the school and wanted the lease assigned to him and that she gave consent to the assignment. Sonia Diatz testified that Sobel at the time of the discussion reimbursed her for money she had been required to expend on a utility bill which Junsch was obligated to pay under the lease. The rental agent testified that Sobel said Junsch had assigned the lease to him, and that Sobel obtained permission to pay the January rent on the 10th of the month as that was the time he issued his checks. He also stated that the January and February rent was paid by checks bearing Sobel's signature, although he could not say whether any other name was on the checks. Mrs. Diatz and her agent also testified that when in March she and the agent asked Sobel for the keys to the premises, he said he would turn over the keys provided she would give him a release from any obligation on the assignment of the lease, and when she refused to give the release he refused to surrender the keys. The fact that the school had been incorporated; that Sobel was an officer who had authority to issue checks; that the corporation occupied the premises and that Sobel denied any assignment to him was sufficient to raise a question as to whether Sobel or the corporation paid the rent and possessed the premises. However it did not compel a verdict for Sobel for the school as a corporation could have occupied the premises and possession could have been in Sobel as it had been in Junsch. The testimony for appellants along with the fact that Sobel failed to produce the canceled checks on subpoena and offered no proof other than a denial that he had requested an assignment presented a question of fact as to whether Sobel had obtained an assignment, entered into possession with the consent of the lessors and paid rent.

Appellee also contends that there is no evidence that Philip Diatz ever consented to the assignment. However it may reasonably be inferred from the testimony of Sonia Diatz that she was not only acting for herself but also for her husband when she consented to the assignment.

■ The motion for new trial having been denied and appellee having cross-assigned no error with respect to rulings of law at the trial, as he could have done,[2] it follows that the judgment of the trial court must be reversed with instructions to enter judgment for appellants on the verdict of the jury.

2. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147; cf. Marsh v. Illinois Cent. R. Co., 5 Cir., 175 F.2d 498.