**Samuel A. LATEN and Fae Laten, Appellants,**

**v.**

**PRAJO, INC., Appellee.**

**No. 3867.**

District of Columbia Court of Appeals.

Argued June 6, 1966.

Decided Sept. 20, 1966.

Joseph H. Schneider, Washington, D. C., with whom Albert Ginsberg and Herbert D. Horowitz, Washington, D. C., were on the brief, for appellants.

Leonard S. Melrod, Washington, D. C., with whom Joseph V. Gartlan, Jr., and

Joseph Diamond, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

Appellants, hereafter called landlords, are owners of a building in which appellee, hereafter called tenant, operates a restaurant in a portion of the ground floor. The tenant acquired its lease from the former owners of the building, and the lease was assigned to the landlords when they purchased the building. The landlords brought this action for possession of the leased premises, alleging the tenant had violated the terms of the lease in three respects: (1) occupied more space than permitted under the lease, (2) failed to install utility meters as required by the lease, and (3) used parking space in violation of Zoning Regulations. The trial court found no violation and denied recovery of possession. The landlords have appealed.

██ The tenant admitted occupying space in the basement of the building not provided for by the lease, but it showed that this occupancy was authorized by the former landlords. In reliance on such authorization the tenant at his own expense had installed a refrigerator room and locker in the basement. Although this agreement with the former landlords was not in writing and therefore possibly subject to the Statute of Frauds, the former landlords would have been estopped to deny the agreement because of the tenant's expenditures in reliance thereon.[1] The present landlords, as assignees of the lease, have no greater rights than the former landlords.

██ The tenant also admitted that it had not installed utility meters as required by the lease, but showed an agreement with the former landlords to pay $70 additional monthly rent in lieu of installing meters. After assignment of the lease the tenant continued to pay the extra amount and the present landlords accepted it, knowing the purpose for which it was paid. The present landlords thus ratified and accepted the agreement made with the former landlords, and they are bound by it.

██ The landlords' claim that the tenant's use of parking space constituted a violation of the Zoning Regulations was not sustained by any competent evidence. Instead, the evidence was to the contrary.

Affirmed.

---

1. See Diatz v. Washington Technical School, D.C.Mun.App., 73 A.2d 227 (1950), affirmed Sobel v. Diatz, 88 U.S. App.D.C. 329, 189 F.2d 26 (1951); Mars v. Spanos, 78 U.S.App.D.C. 230, 139 F.2d 369 (1943).