Frances P. **HOFFHEINS** and Francis M. Hoffheins, Appellants,

v.

Byron E. **HESLOP**, t/a Heslop Contracting Company, Appellee.

No. 3676.

District of Columbia Court of Appeals.

Argued April 12, 1965.

Decided June 16, 1965.

Andrew A. Lipscomb, Washington, D. C., for appellants.

Bernard T. Levin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Appellants, husband and wife, joint owners and residents of 3517 Rodman Street, N.W., consulted appellee Byron E. Heslop, a general contractor with business headquarters in Maryland, with reference to certain home improvement work. Mr. Heslop, although licensed in Maryland as a home improvement contractor or home improvement salesman, had never applied for or been granted such license in the District of Columbia. Sometime after July 6, 1963, appellant-husband received in the mail a proposed contract for the work in question. After various handwritten additions thereto, the price of $15,635 was agreed upon and Heslop wrote in the space pertaining to payment the words "three payments" and "⅓ when ⅓ ⅓." This copy, signed by Heslop, was kept by appellants, while the copy retained by Heslop and signed only by Mr. Hoffheins had no similar notation as to payment. Work was started in August 1963. On August 16th appellants sold Heslop a used car for $50 and he credited the price of the car to the contract price for the home improvements. Appellee ceased work on October 18, 1963, not having completed it but admittedly having done at least $6,000 worth of work.[1] Upon Hoffheins' refusal to pay, Heslop filed suit for breach of contract, claiming $9,750 as damages. Appellants counterclaimed, asking that the contract be declared illegal and unenforceable and that they be awarded $30,000 compensatory and punitive damages for fraud and deceit.

The trial court, after taking the case under advisement, held that the "plaintiff's [appellee's] evidence preponderates on the question of the services performed under the contract and their value"; that "no payment was required or accepted within the meaning of § 2 of the Regulations Governing the Conduct of the Home Improvement Business in the District of Columbia, that the contract is not governed by these regulations, and that it is valid." The court further found that "the allegations of the counterclaim [were] not supported by a preponderance or by clear and convincing evidence." After granting appellant-wife's motion to dismiss the complaint as to her,[2] the trial court entered judgment against appellant-husband only in the sum of $9,371.10 and granted judgment for Heslop on the counterclaim. This appeal followed.

Mr. Hoffheins seeks to avoid liability by asserting that the contract sued upon is illegal and unenforceable. Compare Kirschner v. Klavik, D.C.Mun.App., 186 A.2d 227, 229 (1962). He argues that Heslop's failure to acquire a District of Columbia license placed him in violation of the Home Improvement Business Act, 2 D.C.Code, 1961 § 2301 et seq., and Regulations adopted pursuant thereto. We do not agree.

The Commissioners for the District of Columbia on May 11, 1961,[3] pursuant to the Code, promulgated certain Regulations Governing the Conduct of the Home Improvement Business in the District of Columbia. Section 2 of these Regulations, in effect at all times pertinent to the case before us, provided:

"Sec. 2. *Licensing.* No person shall require or accept any payment under a home improvement contract *in advance of the full completion of all of the work required to be performed by such contract,* unless such person is licensed as a

---

1. The record discloses that appellants interfered with progress of the work by Heslop's subcontractors by verbally criticizing the work done, postponing the work, locking doors, and ultimately ordering termination of all further work on the job.

2. It does not appear that she was dismissed as co-counterclaimant on the claim for compensatory and punitive damages for fraud and deceit.

3. Commissioners' Order No. 61-863.

home improvement contractor or as a licensed salesman employed by such licensed contractor." [Emphasis supplied.]

The regulations do not apply where the contractor finances himself during the progress of the work. The absence of a license is relevant only where the contractor requires or accepts payment in advance of full completion of the contracted work.

■ Appellant husband asserts that advance payments were both accepted and required by appellee. He argues that the $50 credit given him, representing Heslop's purchase of the used automobile, constituted acceptance by him of an advance payment. This transaction, however, was entirely unrelated to the home improvement contract and cannot be considered payment "under" that contract.

■ He also argues that the words "three payments" and "⅓ when ⅓ ⅓," appearing on the face of the contract, required payment in advance of completion. These words are ambiguous and do not, standing alone, import a mandatory requirement for advance payment. The trial court specifically held that "no payment was required or accepted within the meaning of § 2 of the Regulations * * *, that the contract is not governed by these regulations, and that it is valid." These findings have support in the record and will not be disturbed on appeal. Gagnon v. Wright, D.C.App., 200 A.2d 196 (1964). We are also of the opinion that the trial judge was correct in ruling that the allegations of the counterclaim brought by appellants failed for want of sufficient evidence to sustain them.

We have considered appellants' other contentions and find them to be equally without merit.

Affirmed.