**James ERWIN, Appellant,**

v.

**Sandra CRAFT, Appellee.**

**No. 81–150.**

District of Columbia Court of Appeals.

Argued Oct. 27, 1982.

Decided Nov. 22, 1982.

Douglas J. Rykhus, Washington, D.C., for appellant.

Kurt Berlin, Washington, D.C., with whom Joseph M. Goldberg, Washington, D.C., was on the brief for appellee.

Before NEWMAN, Chief Judge, and KELLY and KERN, Associate Judges.

PER CURIAM:

This is an appeal in a contract action brought by a homeowner against an unlicensed home improvement contractor. The homeowner sued for rescission of the contract and return of progress payments made, alleging that the contractor's failure to have a license put him in violation of the District of Columbia's Home Improvement Licensing Law ("Licensing Law") and Regulations.[1] The trial court found in favor of the homeowner.

On appeal, the contractor claims that the Licensing Law does not apply to this contract because the District of Columbia's Department of Housing and Community Development ("DHCD") is involved in both the financial and technical aspects of the contracting process. It is his contention that the involvement of DHCD removes this case from the scope of our prior holdings in *Truitt v. Miller,* D.C.App., 407 A.2d 1073 (1979); *Bathroom Design Institute v. Parker,* D.C.App., 317 A.2d 526 (1974); and *Miller v. Peoples Contractors, Ltd.,* D.C. App., 257 A.2d 476 (1969).[2] We reject this

---

1. D.C.Code 1973, § 2–2301 et seq.; D.C.Code 1973, § 47–2344; DCRR 5Y.

2. All other contentions made by appellant on appeal, we find, are without merit.

contention. In those cases we upheld rescission of home improvement contracts between homeowners and unlicensed home improvement contractors. This case is in no way distinguishable: the contract here is between two parties, a homeowner and an unlicensed home improvement contractor. The involvement of DHCD is entirely peripheral to the contractual relationship. Therefore, we agree with the trial court that the Home Improvement Licensing Law applies to this contract, regardless of the District of Columbia's involvement, just as it did in *Truitt, supra; Parker, supra;* and *Miller, supra.* Appellant's failure to have a home improvement contractor's license and his acceptance of progress payments violated the Licensing Law. Rescission and return of progress payments are the appropriate remedy.

*Affirmed.*