Harold THOMPSON, Appellant,

v.

Lester WOLFREY, Appellee.

No. 82–934.

District of Columbia Court of Appeals.

Submitted Nov. 30, 1983.

Judgment Entered Oct. 2, 1984.

Opinion Nov. 9, 1984.*

Harold Thompson, appellant pro se.

Lester Wolfrey, appellee pro se.

Before TERRY, Associate Judge, and KERN** and GALLAGHER, Associate Judges, Retired.

TERRY, Associate Judge:

Appellee Wolfrey sued appellant Thompson in the Small Claims Branch of the Superior Court for money due under an oral contract for roof repair work performed on Thompson's home. The court entered a $300 money judgment for Mr. Wolfrey, representing the unpaid amount owed by Mr. Thompson under the contract. Thompson contends on appeal that the court's ruling was erroneous because, under section 4.1 of the Home Improvement Licensing Regulations,[1] all contracts for

---

* We entered a judgment on October 2, 1984, affirming the judgment of the Superior Court. We now file this opinion setting forth our reasons for affirmance.

** Judge Kern was an Associate Judge of the court at the time the case was submitted. His status changed to Associate Judge, Retired, on May 25,

1984. He voted to approve this opinion prior to his departure from the court on October 3, 1984.

**1.** The Home Improvement Licensing Regulations found at 5Y DCRR §§ 1.1–4.15 (1970) were superseded last year by 16 DCMR §§ 800.- 1–899.1 (1983). Although the instant case arose under the old regulations and is governed by

home improvement work for $300 or more must be in writing in order to be enforceable. We agree that the regulation requires such contracts to be in writing. However, because appellee Wolfrey had fully performed his part of the contract before filing suit, we hold that the regulation does not prevent Wolfrey from recovering what Thompson owes him. We therefore affirm the judgment of the trial court.

After finding that the parties had entered into an oral contract for $500 for roof repair work, the trial court went on to consider whether the fact that Mr. Wolfrey did not have a license to perform home improvement work in the District of Columbia affected his right to recover the outstanding balance of $300. The court reviewed the pertinent case law and concluded that since Mr. Wolfrey "never sought nor received advance payments from [Mr. Thompson] for the work done on [his] house ... [Wolfrey's] lack of a license did not bar him from recovering the $300 balance due on the parties' contract."

■ Section 2.1 of the Home Improvement Licensing Regulations provides in part:

> No person shall require or accept any payment under a home improvement contract in advance of the full completion of all the work required to be performed by such contract, unless such a person is licensed as a home improvement contractor ....

5Y DCRR § 2.1 (1970).[2] We have repeatedly held that receipt of payment by an unlicensed contractor before completion of the work under a written contract violates 5Y § DCRR 2.1 (1970) and renders the contract void and unenforceable. *Erwin v. Craft*, 452 A.2d 971 (D.C.1982); *Truitt v.*

*Miller*, 407 A.2d 1073, 1078 (D.C.1979); *Miller v. Peoples Contractors, Ltd.*, 257 A.2d 476 (D.C.1969); *see Bathroom Design Institute v. Parker*, 317 A.2d 526, 528 (D.C.1974). "The absence of a license," however, "is relevant only where the contractor requires or accepts payment in advance of full completion of the contracted work." *Hoffheins v. Heslop*, 210 A.2d 841, 843 (D.C.1965). Since that did not happen here, the trial court was correct when it ruled that section 2.1 did not bar appellee Wolfrey's recovery of the balance due under the oral contract. *See William J. Davis, Inc. v. Slade*, 271 A.2d 412, 415 n. 6 (D.C.1970).

■ Thompson contends, nevertheless, that Wolfrey's failure to put in writing the terms of their contract violates the regulations governing home improvement work and renders their oral contract unenforceable. Given the facts of this case, we reject this argument as well.

5Y DCRR § 4.1 (1970) provides in pertinent part:

> No home improvement contractor ... shall accept any payment for *home improvement work to be performed* for a homeowner until after the understanding between such a homeowner and the contractor ... with respect to such work has been reduced to writing .... [Emphasis added.] [3]

Another regulation defines a home improvement contractor as "any person who enters into a home improvement contract," which in turn is defined as "an agreement for the performance of home improvement work for a contract price of $300 or more ...." 5Y DCRR § 1.1 (1970).[4] Thus, under the regulations, any person who engages to perform home improvement work [5] must enter into a written contract if

---

them, the pertinent provisions of the new regulations are identical to the old in all material respects. We shall therefore give citations to the parallel sections of the new regulations whenever we cite the old ones.

**2.** *See* 16 DCMR § 800.1 (1983).

**3.** *See* 16 DCMR § 808.1 (1983).

**4.** *See* 16 DCMR § 899.1 (1983).

**5.** "Home improvement work" is defined as "the construction of one or more additions to, other improvement, repair, restoration, alteration ...

the cost of the work to be performed equals or exceeds $300. In this case, however, Wolfrey's claim against Thompson was not predicated on "home improvement work to be performed" but rather on work already completed. Wolfrey had fully performed under the oral contract; therefore, section 4.1 does not render the oral contract unenforceable, and the trial court committed no error in entering a $300 money judgment in his favor.[6]

*Affirmed.*

or replacement of any residential property ...." 5Y DCRR § 1.1 (1970); *see* 16 DCMR § 899.1 (1983).

6. Section 4.1 of the Home Improvement Licensing Regulations is akin to a statute of frauds. "[C]ourts have repeatedly reiterated that the Statute of Frauds only applies to executory, as distinguished from executed contracts; if an oral contract, otherwise within the Statute, is completely executed or performed, it is taken out of the operation of the Statute." 3 S. WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 528, at 725–726 (3d ed. 1960) (footnote omitted); *see Amberger & Wohlfarth, Inc. v. District of Columbia,* 300 A.2d 460 (D.C.1973); *Mars v. Spanos,* 78 U.S.App.D.C. 230, 139 F.2d 369 (1943); *Campbell v. Willis,* 53 App.D.C. 296, 290 F. 271 (1923). Under the same principle, appellee Wolfrey's performance of the contract in this case took it out of the operation of section 4.1 of the regulations.