**Rosa Lee NIXON, Appellant,**

v.

**Norman HANSFORD, Appellee.**

No. 89–344.

District of Columbia Court of Appeals.

Submitted Nov. 13, 1990.

Decided Jan. 9, 1991.

---

Jeffrey H. Kaplan and Theodore Kligman were on the brief for appellant.

Joseph W. Thomas filed an entry of appearance for appellee.

Before BELSON and SCHWELB, Associate Judges, and PRYOR, Senior Judge.

BELSON, Associate Judge:

Appellant Rosa Lee Nixon appeals from a judgment awarding appellee Norman Hansford $1,200.00 as the amount due under a home improvement contract and dismissing Nixon's counterclaim for recovery of a $1,150.00 deposit on the contract. Nixon contends that the trial court erred in its ruling because Hansford, an unlicensed home improvement contractor, accepted partial payment in advance of the completion of the contract in violation of the provisions of the home improvement regulations, 16 DCMR § 800.1 (1987). We agree.

The facts in this case, as found by the trial court without a jury, are as follows. After she had observed Hansford building a deck for her neighbor, Nixon approached Hansford to build something similar for her home. Several conversations occurred between Nixon, who had consulted an attorney, and Hansford regarding the fact that Hansford was unlicensed for home improvement work. In one such conversation, Nixon suggested that the licensing issue could be resolved if Hansford would agree to complete the work before receiving any payment. Hansford declined to enter into such an agreement. Ultimately, Nixon agreed to dispense with the licensing requirement and gave Hansford a check in the amount of $1,150.00 to purchase the necessary materials for the deck. When the deck was nearly completed, a dispute arose regarding the quality of the work performed, and Nixon ordered Hansford off of her property. Hansford brought suit to collect the amount due under the contract. Nixon counterclaimed that the contract was void and unenforceable because Hansford, an unlicensed home improvement contractor, had accepted payment prior to completion of the home improvement work agreed to in the contract.

Recognizing that the regulations prohibit an unlicensed home improvement contractor from accepting payment prior to completion of the contract, the trial court, nevertheless, ruled that under the peculiar circumstances of this case, the contract was valid and enforceable. In so ruling, the trial court determined "that the law must recognize an exception to the rule that otherwise would be applicable." The trial court concluded that public policy would be disserved by following the rule under the circumstances of this case, particularly since Nixon was well aware that Hansford did not have a license to perform home improvement work and that the $1,150.00 "deposit" was used by Hansford to purchase the materials for the project rather than as a prior payment to Hansford for the skill or labor required to complete the job.

The home improvement regulations state categorically that "no person shall require or accept *any payment* for a home improvement contract *in advance of the full completion of all work* required to be performed under the contract, *unless that person is licensed* as a home improvement contractor...." 16 DCMR § 800.1 (1987) (emphasis added). We have held on numerous occasions that receipt of payment by an unlicensed contractor before completion of the work under the contract violates the home improvement regulations and renders the contract void and unenforceable. *Karr v. C. Dudley Brown & Assoc., Inc.*, 567 A.2d 1306, 1308 (D.C.1989); *Billes v. Bail-*

*ey,* 555 A.2d 460, 462 (D.C.1989); *Thompson v. Wolfrey,* 483 A.2d 636, 637 (D.C. 1984); *Erwin v. Craft,* 452 A.2d 971, 972 (D.C.1982); *Truitt v. Miller,* 407 A.2d 1073, 1078 (D.C.1979); *Bathroom Design Institute v. Parker,* 317 A.2d 526, 528 (D.C. 1974); *Miller v. Peoples Contractors, Ltd.,* 257 A.2d 476, 477 (D.C.1969).

The language of the regulation is unambiguous. We understand the trial judge's concern that in this case the application of the regulation brings about a seemingly harsh result, but the same could be said for some of the binding precedents cited above. We are constrained by precedent to disagree with the trial judge that the law must recognize an exception to the regulation under the circumstances of this case. *See Billes, supra,* 555 A.2d at 462 (after noting that the consumer was familiar with the licensing rules and that she might take advantage of the unlicensed contractor, the court stated that it must defer to the legislature's intent to expose unlicensed contractors in order to protect the consumer from unlicensed work). Consequently, we hold that Hansford is not entitled to the judgment rendered below and Nixon is entitled to judgment on her counterclaim.

*Reversed and remanded.*