Andre L. BAXTER, Appellant,

v.

UNITED STATES, Appellee.

No. 91–CF–1365.

District of Columbia Court of Appeals.

Argued Feb. 7, 1994.
Decided April 18, 1994.

---

Dennis M. Hart, Washington, DC, for appellant.

M. Evan Corcoran, Asst. U.S. Atty., with whom Eric H. Holder, U.S. Atty., and John R. Fisher, and Roy W. McLeese III, Asst. U.S. Attys., were on the brief, for appellee.

Before SCHWELB and WAGNER, Associate Judges, and BELSON, Senior Judge.

SCHWELB, Associate Judge:

Andre L. Baxter was convicted by a jury of unlawful possession of cocaine with intent to distribute it, in violation of D.C.Code § 33–541(a)(1) (1992). On appeal, Baxter contends that the prosecutor peremptorily challenged potential jurors on the basis of age and sex, allegedly in violation of Baxter's constitutional and statutory rights. *Cf. Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

## I.

Voir dire in Baxter's second trial[1] began on the afternoon of August 21, 1990. After the judge had dismissed several venire members for cause, the prosecutor used nine of his ten peremptory challenges to strike "young black males" under the age of forty from the venire. Remaining in the jury box were four black men (aged 48, 76, 41, and 56), one of whom was the alternate, seven black women, and two white women. The judge then excused the jurors for the evening without administering the juror oath.

Outside the presence of the jury, Baxter's counsel stated that

there is one matter, and that is, we would object to the seating of this jury. We noticed that the prosecutor systematically struck any black male who appeared to be under middle-aged. As a result, we now have a jury panel with nine females and there are three black males. One is seventy-five, the other appears to be in his sixties, and the other one middle-aged, who is a registered nurse.

So, if nothing else, for the sake of appeal, we object to the composition of the jury panel. It is not a jury of my client's peers.

---

1. Baxter's first trial resulted in a mistrial.

I would note that in the middle of the jury selection, there was an opportunity, when the Government struck into the pool and we passed, that we could have stayed with the jury that, at that time, was in the box. We object to the seating of this jury and believe that the jurors that were struck by the Government were [struck] because of their race and sex.

In response, the prosecutor offered to provide the court with his reasons for each strike, but the trial judge elected to deal with the objection on the following day, and recessed court.

The next morning, August 22, 1990, Baxter's counsel reiterated his objection that the prosecutor had used his peremptory challenges against "black males, I guess under the age of forty-five, approximately." At this point the judge remarked that Baxter's claim was "a little more refined than a *Batson* challenge outright. It's a claim that [the prosecutor] used [his] peremptory challenges to strike young black males." Agreeing with the court, Baxter's counsel explained that the strikes against young black males were impermissible because, under *Batson*, "[for] those who were struck, if a pattern is noted, there should be a neutral reason." The judge expressed reservations regarding this position, stressing that the Constitution did not guarantee a jury comprised of "people of the same racial background, gender and age as the defendant on trial."

The judge also questioned whether Baxter had established a *prima facie* case of racially discriminatory strikes under *Batson*. The prosecutor denied any racial discrimination, noting that in every instance but one, a challenged black venire member had been replaced by another black venire member. The prosecutor also stated his belief that strikes based on age were appropriate, and he acknowledged—in a commendable display of frankness—that he had struck members of the jury panel based on age:

I think that a person's age, in jury selection, does not rise to the constitutional

equal protection safeguards that are discussed in the *Batson* case; and to be quite frank, I think that young persons, black or white, male or female, have more permissive attitudes about drugs than other people in our society, and I do try to exclude young people of any race from a jury, particularly people under the age of thirty, because I'm afraid, as a prosecutor, that their attitudes are too permissive, that they will not necessarily follow the law in reaching a verdict.

The judge rejected defense counsel's challenge to the jury panel. She ruled that Baxter had not established a *prima facie* case of racially discriminatory strikes. The judge acknowledged that Baxter's challenge had injected the issues of age and gender into the traditional *Batson* inquiry, but observed that "one could choose to use one's peremptory challenges to strike young people in some kinds of cases, I think, without running afoul of any constitutional protections." [2] Baxter's counsel then reformulated his objection, stressing that

it wasn't just young persons. It was specifically young black males. I mean, race is caught up in that, and I would just simply note that the Supreme Court, in *Batson*, noted that, in other words, it is not proper to strike someone because they would be partial to the defendant because of their shared race. I would just note that that is wrapped up in the strikes of young black males.

The judge rejected Baxter's position and refused to strike the waiting jury panel. She did, however, offer to "state on the record what the racial composition of the jury is, just so the fact is in the record, and perhaps the gender composition, as well, just so your record is clear with respect to those two facts." The judge found, as we have noted, that the jury panel consisted of seven black women, two white women, and three black men; a fourth black man was the alternate. Baxter now appeals from his conviction by that jury.

---

**2.** Baxter's attorney did not claim sex discrimination as such, arguing only that "young black males" had been excluded. Under the circumstances, the judge was not asked to rule, and did

not rule, on the question whether a pattern of sexually discriminatory peremptory challenges would be unconstitutional by analogy to *Batson*.

## II.

As a threshold matter, we must decide which of Baxter's contentions are properly before this court.[3] On appeal, Baxter has substantially revised the position which he took in the trial court. Represented by a new attorney, he has now dropped altogether his claim that race was a factor in the selection of his jury (which, as we have noted, included ten black jurors and a black alternate). He has likewise abandoned his claim that he was denied a "jury of his peers" by the discriminatory exclusion from the jury of "young black males." Baxter now contends, instead, that he was denied his constitutional and statutory rights because the prosecutor discriminated in the exercise of his peremptory challenges, both on the basis of gender and on the basis of age. Except insofar as they might be viewed as being subsumed in his "jury of his peers" argument, Baxter's new contentions, namely, that the Constitution and certain statutes proscribe discrimination based on age or sex in the prosecutor's exercise of peremptory challenges, were not made to the trial judge.

■ A litigant may not assert one theory at trial and another theory to the appellate court. *Hackes v. Hackes*, 446 A.2d 396, 398 (D.C.1982); *see also Hunter v. United States*, 606 A.2d 139, 144 (D.C.), *cert. denied*, — U.S. ——, 113 S.Ct. 509, 121 L.Ed.2d 444 (1992) (citation omitted). "[P]oints not asserted with sufficient precision to indicate distinctly the party's thesis will normally be spurned on appeal." *Hunter*, 606 A.2d at 144. (citations omitted). In the trial court, Baxter never raised sex or age discrimination except as a somewhat oblique backdrop to his "jury of my peers" challenge to the striking of "young black males." He voiced no preference for older men over older women, nor did he address the sexual composition of the original venire or the ages of its members. Because gender discrimination as such was not urged as a basis for the challenge, the trial judge did not comment at all on the question whether the discriminatory exercise of peremptory challenges based on gender was unconstitutional by analogy to *Batson*.

The judge did volunteer that Baxter's challenge to the striking of "young black males" raised the issue of age discrimination, but indicated, as we have seen, that peremptory strikes based on age were constitutionally permissible. Baxter's counsel, however, expressly rejected age discrimination as an independent basis for his *Batson* argument, stating that "it wasn't just young persons. It was specifically young black males."

■ We conclude that Baxter did not raise the allegations of age and gender discrimination with the reasonable specificity necessary to fairly apprise the trial judge of those objections. *Hunter, supra*, 606 A.2d at 144–145. Accordingly, we review those contentions only under the plain error standard. *Id.* at 145. We will reverse for plain error only if it should have been "obvious and readily apparent" to the trial judge, that under settled law, discrimination in peremptory challenges on the basis of age or sex is impermissible in the District of Columbia; Baxter must also show that a miscarriage of justice would otherwise result from the judge's failure to intervene on her own initiative. *United States v. Olano*, — U.S. ——, 113 S.Ct. 1770, 1776–79, 123 L.Ed.2d 508 (1993); *Harris v. United States*, 602 A.2d 154, 159–60 (D.C.1992) (en banc). Whether *Batson* applies to discrimination based on any characteristic other than race has not been decided in this jurisdiction. *See Nelson v. United States*, 601 A.2d 582, 591 (D.C. 1991).[4] The trial judge therefore did not commit plain error by failing, *sua sponte*, to intercede in the case with theories and con-

---

**3.** Although, in light of our recent holding in *Tursio v. United States*, 634 A.2d 1205, 1209–10 (D.C.1993), Baxter's challenge was timely, we reiterate the importance, in cases of this kind, of alerting the judge to the issue as soon as a pattern allegedly emerges, so that a meaningful record can be made. *Id.* at 1210.

**4.** On October 23, 1993, the Supreme Court heard argument in *J.E.B. v. T.B.*, 606 So.2d 156 (Ala. Cir.App.1992), *cert. granted*, — U.S. ——, 113 S.Ct. 2330, 124 L.Ed.2d 242 (1993), a case which presents the question whether the Constitution prohibits gender-based peremptory challenges.

tentions not presented by the parties, or by declining to hold on her own initiative that the jury had been unconstitutionally selected because of discrimination based on age [5] or sex.

## III.

■ For the foregoing reasons, Baxter's convictions are hereby

*Affirmed.*[6]

---

5. Since the prosecutor candidly acknowledged that age was a significant factor in the exercise of his peremptory challenges, the record provided some basis for a claim of age-based discrimination if the issue had been preserved. *See Tursio, supra,* 634 A.2d at 1213 & n. 7. We agree with the trial judge, however, that age-based peremptory strikes are constitutionally permissible. *See United States v. Ferguson,* 935 F.2d 862, 965 (7th Cir.1991) (holding that age is a legitimate basis for a peremptory strike), *cert. denied,* —— U.S. ——, 112 S.Ct. 907, 116 L.Ed.2d 807 (1992); *United States v. Prine,* 909 F.2d 1109, 1113 (8th Cir.1990) (sustaining the precise position taken by the prosecutor here, namely, that it is permissible to strike young jurors because they might have a permissive attitude toward drugs), *cert. denied,* 500 U.S. 954, 111 S.Ct. 2263, 114 L.Ed.2d 715 (1991); *United States v. McCoy,* 848 F.2d 743, 745 (6th Cir.1988) (permitting prosecution to strike young jurors on the ground that they might sympathize with young defendant); *United States v. Cresta,* 825 F.2d 538, 545 (1st Cir.1987) (holding that young adults do not constitute a "cognizable group" for *Batson* challenge), *cert. denied,* 486 U.S. 1042, 108 S.Ct. 2033, 100 L.Ed.2d 618 (1988); *cf. State v. Zavala,* 259 N.J.Super. 235, 611 A.2d 1169, 1172–73 (1992) (when six of the prosecutor's eight strikes were used against black venire members, the youth of the struck jurors did not demonstrate the absence of prohibited discrimination).

6. In his brief in this court, Baxter contends that the prosecutor's strikes of "young males" violat-

ed the District of Columbia Human Rights Act, D.C.Code § 1–2501 *et seq.* (1992). This statute bars various forms of discrimination, including age and sex discrimination, in employment, housing, public facilities, and other activities, but does not contain a word about peremptory challenges of jurors. Baxter did not raise this statutory claim at trial, and we therefore review it only for plain error. *Hunter, supra,* 606 A.2d at 144–45. Because we cannot say that it should have been "obvious and readily apparent" to the trial judge that, under settled law, this statute prohibits age-based or gender-based peremptory strikes, *Harris, supra,* 602 A.2d at 159–60, the trial judge did not err by failing to apply this statute, *sua sponte,* to Baxter's claims. *Cf. Irick v. United States,* 565 A.2d 26, 33 (D.C.1989).

Baxter also invokes the District of Columbia Jury System Act, D.C.Code § 11–1901, *et seq.* (1992), and the federal Jury Selection and Service Act, 28 U.S.C. §§ 1861–62, as separate bases for his objection to the prosecutor's strikes. Because Baxter has raised but not argued these points, he has waived them. *See Bardoff v. United States,* 628 A.2d 86, 90 n. 8 (D.C.1993). Moreover, the claims brought pursuant to these statutes are not properly before this court, for Baxter has not complied with the prescribed procedures for perfecting challenges under them. *See Kingsbury v. United States,* 520 A.2d 686, 689 (D.C.1987). Finally, neither of these statutes was cited to the trial court, and the judge did not commit plain error by failing to invoke them on her own initiative.