John WATKINS, Appellant,

v.

Tulane HOWARD, Appellee.

No. 97–CV–1318.

District of Columbia Court of Appeals.

Argued Sept. 28, 1998.

Decided Aug. 19, 1999.

Mary Cox, Washington, DC, for appellant.

Barbara L. Smith, Washington, DC, for appellee.

Before STEADMAN, RUIZ and REID, Associate Judges.

RUIZ, Associate Judge:

This appeal arises out of a home improvement contract dispute. On the day of trial, the trial court granted summary judgment to appellee, Tulane Howard, the homeowner, and dismissed the complaint of appellant, John Watkins, the home improvement contractor. The judge ruled that Watkins violated 16 DCMR § 800.1 (1997) by entering into a home improvement contract requiring progress payments without a license, and, therefore, that the contract was unenforceable. We reverse and remand because there is a factual dispute as to whether the contract as executed required progress payments, and whether Watkins accepted progress payments without a license.

## I.

On July 7, 1994, Watkins, a building contractor, entered into an agreement with Howard, a homeowner, to perform construction work totaling $55,000 at Howard's home at 4501 Davenport Street, N.W. At the time Watkins entered into this agreement, he did not have a home improvement contractor's license. On August 24, 1994, Watkins obtained the required license and started work thereafter.[1] During the course of the contract, Watkins received four payments from Howard totaling $44,800:

| | |
|---|---|
| November 5, 1994: | $11,000 |
| December 10, 1994: | $11,000 |
| February 10, 1995: | $11,000 |
| May 12, 1995: | $11,800 |

On July 28, 1995, Watkins received a letter from Howard's attorney instructing him to complete work on the contract by September 1995. Watkins received a second letter from Howard's attorney on August 7, 1995, notifying him that his services were no longer needed. Subsequently, Howard changed the locks on the Davenport Street premises preventing Watkins from completing work under the contract.

Watkins brought a breach of contract action against Howard seeking to recover

---

1. Between July 7, 1994, when Watkins entered into the construction contract and August 24, 1997, when he obtained his license, Watkins neither began construction nor accepted payment under the contract.

$20,000 he claimed was still owed for materials purchased and work completed under the contract. Howard responded with a counterclaim for the $44,800 already paid to Watkins, arguing that the contract was void and unenforceable because Watkins did not have a license on the date the contract was executed and failed to maintain a valid license throughout the contract period.

On April 28, 1997, the scheduled date of trial, the trial court held a hearing on Howard's pending motion for reconsideration of his motion for summary judgment. The trial court concluded the hearing by granting summary judgment in favor of Howard, stating that there was no genuine issue of material fact in dispute since Watkins did not have a license on the date he entered into a contract requiring progress payments prior to completion of the contract work.[2] The court explained:

> [T]here was no license ... on the date of the execution of the contract and the contract that you are suing on of July 1994 ... contain[s] terms for partial payments ... [Therefore] I'm going to grant summary judgment on behalf of defendant Tulane Howard in this matter.

After concluding that the contract was void as a matter of law, the trial court also granted summary judgment to Howard on the counterclaim for recovery of the $44,800 paid under an illegal contract. The trial court subsequently denied Watkins' Rule 59(e) motion for reconsideration of both summary judgments. Watkins appeals from the trial court's grant of summary judgment in favor of Howard.

## II.

The regulation at issue in this case provides that:

> No person shall *require or accept* any payment for a home improvement contract in advance of the full completion of all work required to be performed under the contract, unless that person is licensed as a home improvement contractor ....

16 DCMR § 800.1 (emphasis added). An "advance payment" is defined as any payment "in advance of the *full* completion of *all* work required to be performed under the contract." *Cevern, Inc. v. Ferbish,* 666 A.2d 17, 19 n. 1 (D.C.1995) (citing 16 DCMR § 800.1 (1993)) (emphasis added). This court consistently has held home improvement contracts void where unlicensed contractors have accepted or received payments before full completion of the work. *See id.* at 19–20 (contractor received progress payment before obtaining license); *Marzullo v. Molineaux,* 651 A.2d 808, 811 (D.C.1994) (unlicensed contractors accepted payment prior to completion of project); *Capital Constr. Co. v. Plaza West Coop. Ass'n,* 604 A.2d 428, 432 (D.C.1992) (per curiam) (contractor accepted progress payments after license had expired); *Nixon v. Hansford,* 584 A.2d 597, 598–99 (D.C.1991) (unlicensed contractor accepted payments prior to completion of contract); *Erwin v. Craft,* 452 A.2d 971, 972 (D.C.1982) (same); *Truitt v. Miller,* 407 A.2d 1073, 1079 (D.C. 1979) (same); *Miller v. Peoples Contractors, Ltd.,* 257 A.2d 476, 478 (D.C.1969) (same). As for the "require" language, we have said that "a violation of the regulation occurs[3] when the [unlicensed] contractor enters a home improvement contract which *requires* advance payment."[4] *Woodruff,*

---

**2.** Although in granting summary judgment to Howard, Judge Queen indicated that the issue turned on whether Watkins had a license *at the time the contract was executed,* Judge Salzman, the assigned judge prior to his retirement, had previously denied Howard's motion for summary judgment on the same facts, on the ground that whether Watkins' license was maintained *throughout the contract period* was still in dispute.

**3.** The court noted, however, that a "cause of action [to recover payments] cannot accrue until the homeowner has made a payment" as "until that time there is no money to recover, and hence no injury or cause of action." *Woodruff v. McConkey,* 524, A.2d 722, 725 (D.C.1987) (citation omitted). The cause of action accrues "upon each subsequent violation of the statute, namely the acceptance of an advance payment." *Id.* at 726.

**4.** In *Woodruff,* homeowners brought a claim

*supra* note 3, 524 A.2d at 725 (citation omitted) (emphasis added). In this case, it is premature to decide whether the contract was in violation of the regulation because there are still disputed questions of fact as to whether the contract required advance payments, and whether the contractor in fact accepted progress payments during the time that the contractor was unlicensed.

### III.

■ Although the trial court found that the July 7, 1994 contract contains terms for progress payments, it is not undisputed on the record that these terms are part of the initial contract. Unlike the two-page July 7, 1994 contract signed by both parties, which does not provide for progress payments, the document allowing for such payments is neither dated nor signed.[5] Moreover, this same document lists various credits and adjustments to the initial contract, which suggests that it was prepared after the July 7, 1994 contract execution date.[6]

Finally, although the record indicates that Watkins obtained his license on August 24, 1994, it is unclear whether he maintained his license throughout the time he performed work on the contract. An administrative opinion from the District of Columbia Department of Consumer and Regulatory Affairs, Business Regulatory Administration, dated March 13, 1996, states that Watkins' home improvement contractor license expired December 31, 1994, and that if Watkins operated as a home improvement contractor from January 1, 1995 to October 20, 1995, he was acting illegally as "licenses are not retroactive from the time the license fee is paid." An October 30, 1995 copy of Watkins' license, however, indicates that his license was valid for the period of January 1, 1995 through December 31, 1995. This license was also issued by the Business Regulatory Administration. Given this conflicting evidence in the record, there is certainly a material dispute as to the time periods during which Watkins had a home improvement license.

Because there are genuine issues of material fact in dispute as to whether progress payment were contractually required and, if so, when that requirement became effective and what Watkins' licensure status was at that time, summary judgment was inappropriate in this case. Therefore, we reverse and remand.[7]

*Reversed and remanded.*

against a home improvement contractor who not only was unlicensed when he executed the contract, but also received progress payments without a license. *Woodruff, supra* note 3, 524 A.2d at 724. Here, the home improvement contractor similarly executed a contract at a time when he did not have a license, but did not perform any work or receive any payment until after he had obtained a license.

**5.** The document specifically provides for "payments on contract 4 @ $11,000."

**6.** Watkins' counsel represented to the trial court that the contract did not require payments before any work was performed. *But see* 16 DCMR § 800.1 (defining advance payments as *"any* payment . . . in advance of the *full* completion of all work required to be performed under the contract") (emphasis added). Counsel stated to the trial court that:

[t]hese two men—I think you would have to hear their testimony. They did [agree on progress payments], but as you can see, payment was not given until there was completion. You know, we—Mr. Watkins would advance money and be paid after the completion part one, after completion, part two, but never before a completion of the changes in all that they did. . . . That was the way it was. Testimony and facts will prove that.

Although we do not consider this representation as evidence that there was a disputed issue of fact, *See* Super. Ct. Civ. R. 56(e); *Daniels v. United States*, 613 A.2d 342, 349 (D.C.1992) (Schwelb, J., concurring), counsel's proffer that additional testimony would further elucidate the question of what the contract required suggests that the contract's payment requirements were not readily apparent from the face of the document. .

**7.** Watkins also contends that Judge Queen's order granting Howard's motion for reconsideration of the summary judgment violated the

"law of the case" doctrine because Judge Salzman had already denied Howard's motion for summary judgment and no new facts were presented to Judge Queen in the motion for reconsideration. Because this claim was raised for the first time on appeal, we review only for plain error. *See Baxter v. United States,* 640 A.2d 714, 717 (D.C.1994) (plain error requires exceptional circumstances where a "miscarriage of justice would other-

wise result") (citations omitted). As discussed, see *supra* note 2, the two judges' different conclusions appear to have been based not on a different view of the facts, but of the applicable law, *i.e.,* whether the relevant focus is on the time of execution or performance of the home improvement contract. We need not decide this issue, however, as we are remanding the case to the trial court for the reasons stated in this opinion.