**Kalani WILLIAMS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 03–CF–1177.**

District of Columbia Court of Appeals.

Argued May 26, 2005.

Decided June 16, 2005.

David L. Norman, Public Defender Service, with whom James Klein, Samia Fam, and Michael Starr, Public Defender Service, were on the brief, for appellant.

Florence Pan, Assistant United States Attorney, with whom Kenneth L. Wainstein, United States Attorney, and John R. Fisher, Thomas J. Tourish, Jr., Amanda Haines, and Edward A. O'Connell, Assistant United States Attorneys, were on the brief, for appellee.

Before SCHWELB and FARRELL, Associate Judges, and BLACKBURNE–RIGSBY, Associate Judge, Superior Court of the District of Columbia.*

* Specially designated pursuant to D.C.Code § 11–707(a) (2001).

FARRELL, Associate Judge.

Appellant was found guilty by a jury of manslaughter while armed and related weapons offenses. The convictions stemmed from events on July 9, 2001, in which appellant shot to death Hosea Page when Page, angered by a perceived erroneous deduction from his paycheck as a day laborer, walked toward appellant (the office coordinator for Page's employer) in what appellant testified was an aggressive manner. Instructed on self-defense, the jury acquitted appellant of armed second-degree murder, but convicted him of the lesser-included offense.[1]

On appeal, appellant contends that his defense was undermined by the trial court's erroneous refusal to admit evidence that Page had a folded pocketknife on his person at the time of the shooting. Appellant does not assert that there was evidence that Page had armed himself with the knife intending to use it as a weapon, or that he held it in his hand or brandished it as he walked toward appellant. *See, e.g., Edwards v. United States*, 721 A.2d 938, 942 (D.C.1998)(rejecting claim of erroneous refusal to instruct on self-defense where evidence was that, at the time of the shooting, "both of [the victim's] hands were plainly visible, and did not hold any weapon"). Rather, appellant testified only that he "expected" Page would have a knife on him because "[m]ost of the laborers there [*i.e.*, who appeared in the office, were] expected to . . . carry tools" such as a knife or cutting instrument "that they would use for their jobs." But appellant contends that this very fact—his belief that Page was carrying a knife on his

person—made the knife admissible to confirm the reasonableness of that belief and hence of his fear of Page. *See generally, Harper v. United States*, 608 A.2d 152, 155 (D.C.1992) (to support self-defense, defendant's belief that he is in immediate peril of death or serious bodily harm must have been "not only . . . honestly entertained but also objectively reasonable") (quotation marks omitted).

Appellant did not adequately preserve this claim. At the time he sought admission of the knife-related evidence (during the government's case-in-chief), no evidence had been presented suggesting that he believed Page had a knife on his person. Nor did he proffer that he would adduce such evidence later. In excluding evidence of the knife the trial judge pointed out that, while it might have been admissible if "the defendant [had seen the knife] or believed [Page] had it," "[t]here is not a shred of evidence that [appellant] believed [Page] had the knife." Accordingly, at the time the judge ruled there was no factual predicate for admission of the knife on the theory appellant now advocates. Moreover, after he later testified that he indeed had believed Page had a knife on his person, he did not seek reconsideration of the ruling that excluded the knife. We reject the argument that other statements by the judge make it unclear whether, in any event, he would have admitted the evidence on this theory. In light of the judge's observations quoted above, the suggestion that any attempt to revisit the issue once appellant had laid the foundation for evidence corroborating his belief would have been futile is unsupported by the record.[2]

---

1. Appellant had presented evidence, *inter alia,* of a prior (unarmed) altercation between himself and Page; of the fact that he knew Page was a boxer; and that Page had prior convictions for assault.

2. We also reject appellant's argument that his present claim—admissibility of the knife to confirm his belief that Page was armed—was preserved by his broader argument to the judge that the knife would confirm the reasonableness of his fear of Page as the latter

■ Concerning this ground for admission, therefore, we review the judge's exclusion of the knife evidence for plain error only, *see United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and find none. In a case where there was no evidence that Page had armed himself with the knife for use of it as a weapon, it could not have been "obvious" to the judge, *id.* at 734, 113 S.Ct. 1770, that the probative value of the knife to corroborate appellant's fear that he was armed outweighed the risk of unfair prejudice from the jury learning about an unopened knife in the victim's possession— particularly a knife the defense had asserted, without foundation, was "bloody." *See, e.g., Smith v. United States,* 686 A.2d 537, 542 (D.C.1996). Further, appellant had other means at his disposal—such as the testimony of other workers or office employees—to confirm his belief that day laborers such as Page routinely carried knives or cutting instruments. And, besides presenting his own testimony that he believed Page had a knife, appellant adduced significant other evidence supporting the reasonableness of his fear of Page as the latter walked toward him. See note 1, *supra.* Any incremental additional benefit he was denied in not being able to mention a knife that Page had shown no signs of intent to use as a weapon does not rise to the level of a "miscarriage of justice." *Olano,* 507 U.S. at 736, 113 S.Ct. 1770.

■ For partly the same reasons, we reject the additional argument for admissibility of the knife evidence that appellant did preserve, namely, that it went to the issue of who was the "first aggressor" by suggesting that Page, with a knife on his person, was "emboldened" to confront appellant in a way he might otherwise not have. Appellant cites no case law, from this court or any other, requiring a trial judge to admit a knife or similar implement to show aggressiveness where there is no evidence—either in the present case or in past conduct—suggesting that the person possessing it intended its use as a possible weapon. To reiterate, the pocketknife here was folded, and Page was not seen to brandish it or reach for it,[3] *see,* by contrast, *Griffin v. United States,* 87 U.S.App.D.C. 172, 174, 183 F.2d 990, 992 (1950)(evidence of *opened* penknife in victim's pocket, together with fact that he had his hand in his pocket as he approached the defendant, was properly admissible as an uncommunicated threat to support self-defense); Page carried the knife (according to the only testimony on point, *i.e.,* from appellant) strictly as a tool of the trade;[4] and on no previous occasion had Page been shown to use a weapon in threatening or assaulting anyone. *See Edwards,* 721 A.2d at 942 (rejecting self-defense claim altogether where victim had no weapon in his hands, even though defendant had seen him earlier that day holding a knife in an unrelated altercation). Decisions such as this one balancing the relevance of evidence against its potential misuse by a jury are committed to the trial court's sound discretion. *See Johnson v. United States,* 683 A.2d 1087, 1095 (D.C.

---

approached him. Appellant effectively conceded at oral argument, and rightly so, that the knife was not relevant to his subjective fear of Page *unless* he believed that Page had it on his person. Consequently, mention only of his fear of Page—without reference to his belief regarding a weapon—did not properly alert the judge to the basis for admissibility now argued.

3. As the government points out, there was no evidence of where Page was carrying the knife on his person.

4. No claim is made that it was of such a length or configuration as to be a "prohibited weapon." *See* D.C.Code § 22–4514(b).

1996) (en banc). The judge did not abuse that discretion in concluding that Page's mere possession of the pocketknife shed too little light on his alleged willingness to provoke a dangerous fight to outweigh the risks of jury confusion and speculation attendant on admitting it.

The final point of error we address is one appellant has not raised as a separate ground for reversal, but which he contends compounded the prejudice he suffered from the judge's erroneous ruling in not admitting the knife evidence. As we have found no error (or at least plain error) in that regard, our discussion could end there. Appellant points out, however, that the prosecutor repeatedly during trial referred to Page as "unarmed," despite having won exclusion of the fact that Page had a pocketknife on him. These references by the prosecutor are indeed troubling, for the government conceded at oral argument that an inference the jury might reasonably have drawn from them was not merely that Page had not "armed" himself with the knife intending or prepared to use it as a weapon, but also that he had nothing on him that could even serve as a weapon. Such innuendo itself had the potential to confuse or mislead the jury. Nevertheless, appellant objected to only a single reference to Page being unarmed, did so without specifying a reason for the objection, and asked for no curative measures designed to neutralize any false impressions the jury may have acquired from the remarks. See generally, Baxter v. United States, 640 A.2d 714, 717 (D.C. 1994). Moreover, as stated, the point has not been argued as a separate ground for reversal on appeal, and we see no necessity or reason to consider sua sponte the issue of reversible prejudice to the defense. We limit ourselves to reminding the prosecution of its duty to guard against inviting inferences of fact by a jury arguably contrary to evidence it has succeeded in having excluded.

*Affirmed.*